**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
JOEL A. PISANO
JUDGE

Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608
(609) 989-0502

January 2, 2014

## LETTER OPINION

Re: *Raritan Baykeeper, Inc., et al. v. NJ Industries, Inc., et al.*
Civil Action No. 09-cv-4117 (JAP)

Dear parties:

Presently before the Court is Plaintiffs' Motion for Reconsideration [docket #269] of the Court's Case Management Order [docket #268] entered on July 15, 2013. Defendants oppose this motion [docket #273 and 274]. For the reasons stated below, Plaintiffs' Motion for Reconsideration is denied.

**A. Standard**

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure. *United States v. Compaction Sys. Corp.,* 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment under Rule 60(b). *Id.* However, neither Rule 59(e) nor Rule 60(b) applies where the order seeking to be reconsidered is not a final judgment or order. See *Bausch & Lomb Inc. v. Moria S.A.*, 222 F. Supp. 2d 616, 669 (E.D. Pa. 2002). In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. *Agostino v. Quest Diagnostics, Inc.,* Civ. No. 04-4362, 2010 WL 5392688, *5 (D.N.J. Dec. 22, 2010) (citing *Bryan v. Shah,* 351 F. Supp. 2d 295, 297 (D.N.J. 2005)).

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of a matter which the party believes the Judge "overlooked" when it ruled on the motion. A motion for reconsideration under Rule 7.1(i) "shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge" and submitted with a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." L. Civ. R. 7.1(i).

The standard for reargument is high and reconsideration is to be granted only sparingly. *United States v. Jones,* 158 F.R.D. 309, 314 (D.N.J. 1994). A judgment may be altered or amended under Rule 7.1(i) if the movant shows at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact to prevent manifest injustice." *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 667 (3d Cir. 1999)

(citing *N. River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only if its prior decision overlooked a factual or legal issue that may alter the disposition of the matter. *Compaction Sys. Corp.,* 88 F. Supp. 2d at 345.

"Reconsideration motions . . . may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of the judgment." *NL Industries, Inc. v. Commercial Union Ins. Co.,* 935 F. Supp. 513, 516 (D.N.J. 1996). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *Tishcio v. Bontex, Inc.,* 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted). Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process. *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.,* 680 F. Supp. 159, 162 (D.N.J. 1998).

### B.  Analysis

Plaintiffs' request reconsideration of the Court's Case Management Order "to correct factual matters which plaintiffs' believe that the Court may have overlooked in rendering its decision." See *Plaintiffs Reply Brief in Support of Plaintiffs' Motion for Partial Reconsideration of the Case Management Order*, at p. 2 [docket #275]. Plaintiffs' allege that they did not have an opportunity to reply to Defendants' proposed case management order or brief the issues surrounding the differences between the parties' alternative case management orders. Specifically, Plaintiffs' argue that the Case Management Order "should include requirements for: (1) more frequent reporting by [Defendant Sayreville Seaport Associates], including accompanying documentation . . .; (2) deadlines for the ecological risk assessment of the Tertiary Lagoons and remediation of the North Ditch and groundwater . . .; and (3) the submission of data to plaintiffs and the Court to evaluate the success of remediation after its completion . . . ." *Id.* at 4.

Defendants' argue that Plaintiffs' fail to meet the standard for granting a motion for reconsideration, and that Plaintiffs have further waived these arguments. Defendants' point out that the parties conferred in good faith before submitting alternative case management orders and despite knowing of their differences, Plaintiffs' failed to raise any argument as to why Plaintiffs' proposal should have been adopted. Further, Defendants' contend that the Case Management Order as entered by the Court is sufficient and will provide the Court with necessary information.

Plaintiffs' motion for reconsideration lacks merit. First, there has been no intervening change in controlling law or any newly available evidence; thus, Plaintiffs' sole argument is that there is a need to correct a clear error of law or fact to correct a manifest injustice. Second, when this Court entered the Case Management Order, it reviewed both parties' proposed Case Management Orders. Defendants submitted both their proposed Case Management Order, as well as Plaintiffs' proposed Case Management Order, which further redlined the changes and directed the Courts attention to any discrepancies between the two proposed orders[docket #266].

Plaintiff is merely asking the Court to "rethink what is already thought through—rightly or wrongly," which does not meet the requirements for reconsideration under Local Civil Rule 7.1(i). *Fishbein Fam. P'ship v. PPG Indus.,* No. Civ.A.93—653, 1994 U.S. Dist. LEXIS 18812, at *3 (D.N.J. Dec. 28, 1994). When entering the Case Management Order, the Court already considered the arguments set forth by Plaintiffs', as the Court was tasked with comparing the two proposed orders and determining the appropriate content of the final Order.

Accordingly, the Court finds that Plaintiffs have not met their burden of demonstrating that the Court failed to consider allegedly dispositive factual matters that would result in a manifest injustice. As such, Plaintiffs' motion for reconsideration must be DENIED.

/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge