**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RARITAN BAYKEEPER, INC., et al., **Plaintiffs,** v. NL INDUSTRIES, INC., et al., **Defendants.** | Civil Action No. 09-4117 (MAS) (DEA) **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiffs Raritan Baykeeper, Inc. and Edison Wetlands Association, Inc.'s ("EWA") (collectively, "Plaintiffs") Motion for Reconsideration of the Court's Memorandum Opinion and Order dated July 29, 2016 (ECF Nos. 411, 412). (ECF No. 418.) Defendants New Jersey Turnpike Authority ("NJTA"), Michael Davis, in his official capacity as the Regional Director of Operations for the Central Region of the New Jersey Department of Transportation ("NJDOT") (collectively, "NJDOT Defendants") and NL Environmental Management Services, Inc. and NL Industries, Inc. (collectively, the "NL Defendants") filed opposition (ECF Nos. 422, 423, 424), and Plaintiffs replied[1] (ECF No. 425-2). The Court has carefully considered the parties' submissions and decides the matter without oral

---

[1] On September 13, 2016, Plaintiffs filed a Motion for Leave to File a Reply Brief to address "the legal and factual inaccuracies . . . that [D]efendants have raised in their three opposition briefs." (ECF No. 425-2.) The Court finds that Plaintiffs' proposed reply brief reargues and recites the same legal authorities that are contained in Plaintiffs' moving brief. Thus, as the Court has all the necessary information before it to decide the motion *sub judice*, the Court denies Plaintiffs' Motion for Leave to File a Reply Brief.

argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Plaintiffs' Motion for Reconsideration is **DENIED**.

## I. Legal Standard – Motion for Reconsideration

Reconsideration under Local Civil Rule 7.1 is "an extraordinary remedy" that should be granted "very sparingly." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002) (internal citations omitted). Pursuant to Local Civil Rule 7.1(i), a motion for reconsideration must set "forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked[.]" Local Civ. R. 7.1(i). Generally, a motion for reconsideration will only be granted "when 'dispositive factual matters or controlling decisions of law' were brought to the court's attention but not considered." *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001) (quoting *Pelham v. United States*, 661 F. Supp. 1063, 1065 (D.N.J. 1987)). The moving party must show "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). The scope of the motion is "extremely limited," and the party moving for reconsideration cannot use the motion "as an opportunity to relitigate the case." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). As such, "[m]ere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]." *United States v. Pinkhasov*, No. 08-285, 2009 WL 150669, at *1 (D.N.J. Jan. 21, 2009). A motion for reconsideration, therefore, is not an opportunity to raise new

2

matters or arguments that could have been raised before the original decision was made. *See*

*Bowers v. NCAA*, 130 F. Supp. 2d 610, 612-13 (D.N.J. 2001).

## II. Plaintiffs' Argument

Plaintiffs move for reconsideration arguing that the Court made the following errors of law:

> (1) [The Court] analyzed harm to the environment, rather than [P]laintiffs' injuries, as required by the Supreme Court and the Third Circuit to determine standing; (2) [The Court] imposed a higher evidentiary standard than required by the Supreme Court and the Third Circuit on the threshold issue of justiciability; (3) [The Court] misapplied legal standards related to permit exceedances under the Clean Water Act ("CWA") to [P]laintiffs' [Resource Conservation and Recovery Act ("RCRA")] claim; and (4) [The Court] overlooked [P]laintiffs' evidence showing that the contaminants the Bridge Defendants discharge settle in the sediments.

(Pls.' Mot. for Recons. Br. 2, ECF No. 418-1.)

## III. Discussion

Here, the Court finds that Plaintiffs are merely asking the Court to rethink what it has already thought through. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. First, the Court considered Plaintiffs' alleged injuries in its analysis of the traceability prong of the standing requirement. The Court noted that "even construing the facts in the light most favorable to Plaintiffs, on the current record, a fact finder could not find that *the alleged injuries* were caused by contamination attributable to Bridge Defendants[2] 'and not . . . the result [of] the independent action of some third party not before the [C]ourt.'" (Jul. 29, 2016 Mem. Op. 13-14, ECF No. 412 (emphasis added).) Thus, the Court did not fail to consider Plaintiffs' injuries nor did it confuse harm to the environment with harm to Plaintiffs. Rather, because Plaintiffs alleged that the Bridge

---

[2] NJDOT Defendants joined in NJTA Defendants' briefs in support of their Motion for Summary Judgment. (ECF No. 346.) Consistent with the Court's earlier decision, the Court shall refer to Defendants NJDOT and NJTA collectively as "the Bridge Defendants." (*See* Jul. 29, 2016 Mem. Op. 11, ECF No. 412.)

3

Defendants' contamination injured their aesthetic, recreational, and economic interests, the Court considered whether Plaintiffs had met their threshold burden of showing that a reasonable fact finder could find that these alleged injuries were traceable to the Bridge Defendants' conduct.

Under this prong, Plaintiffs must demonstrate some nexus between the Bridge Defendants' conduct and the allegedly contaminated sediment, as well as a nexus between the contaminated sediment and Plaintiffs' alleged injuries. The Court, therefore, did not commit a clear legal error in finding that the evidence demonstrates, at most, that the stormwater discharged by the Bridge Defendants contained *some* metals. The evidence that the discharge contained some metals, which naturally occur in the environment, that are also discharged by other sources, and redistributed in the river, is not sufficient to show that Plaintiffs' asserted injuries to their aesthetic, recreational, and economic interests are traceable to the Bridge Defendants' conduct. Were the Court to have found otherwise, the standing requirement would effectively be rendered meaningless.

The cases on which Plaintiffs rely are inapposite. In contrast to the facts here, those cases pertained to unique contaminants discharged by active polluters. *See, e.g., Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 399 F.3d 248, 255-57 (3d Cir. 2005) (finding that the plaintiffs satisfied the standing requirement where they alleged that a chrome manufacturer's disposal of waste containing high concentrations of a particular contaminant into the tidal wetlands caused injuries to their recreational and aesthetic interests); *Natural Res. Def. Council, Inc. v. Texaco Refining & Mktg., Inc.*, 2 F.3d 493, 505 (3d Cir. 1993) (finding that the plaintiffs satisfied standing requirement for CWA claim where they "testified that the sight and unpleasant smell of pollution in the vicinity of the refinery interfered with their enjoyment of bird watching, swimming, boating, and fishing in the Delaware City waterfront parks, and walking along the river" and that the "River had an oily sheen in certain areas"); *Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 204 F.3d

149, 157 (4th Cir. 2000) (finding the plaintiffs satisfied standing requirement for CWA claim where they showed evidence that single polluter discharged metals in excess of permits). In those particular cases, courts found that minimal allegations of injuries and discharge of a contaminant into the area used by the plaintiffs was sufficient to satisfy the standing requirement. The Court finds that the holdings in those cases are limited to the facts of those cases and inapplicable to the instant case.

Second, the evidentiary standard imposed by the Court is consistent with applicable case law. As discussed above, the Court identified certain factual issues that are material to the dispute, including the ubiquitous nature and other sources of the contaminants. To that end, the Court could not summarily find that the alleged injuries were fairly traceable to the stormwater discharged from the bridges maintained by the Bridge Defendants "and not...the result of some third party not before the [C]ourt." *See Interfaith Cmty. Org.*, 399 F.3d at 255 (quoting *McConnell v. FEC*, 540 U.S. 93, 225 (2003) (alterations omitted), *overruled in part on other grounds, Citizens United v. FEC*, 558 U.S. 310 (2010)). Accordingly, the Court did not commit clear error in holding that Plaintiffs failed to satisfy the threshold standing requirement and their burden on their Motion for Summary Judgment.

Third, the Court did not apply the CWA legal standard to Plaintiffs' RCRA claim. Rather, the Court referenced the CWA to note that it is undisputed that the stormwater discharged by the Bridge Defendants contained *some* metals. The Court, however, found that Plaintiffs failed to meet the threshold requirement for standing with respect to their RCRA claim because, *inter alia*, Plaintiffs did not offer any evidence to show that "the alleged injuries were caused by contamination attributable to the Bridge Defendants[.]" (Mem. Op. 14.)

Fourth, the Court did not overlook or misinterpret the evidence submitted by Plaintiffs. Rather, the Court found that this evidence was not sufficient to meet the threshold standing requirements for the reasons discussed above. In their Motion for Reconsideration, Plaintiffs assert for the first time that the three bridges that cross the NL Site "discharge directly above a depositional area[.]" (Pls.' Mot. for Recons. Br. 14., ECF No. 415-1) Because this argument is not based on new evidence or an intervening change in the law, it may not be considered on a motion for reconsideration. *See Max's Seafood Cafe ex rel. Lou-Ann, Inc.*, 176 F.3d at 677.

On this point, Plaintiffs take issue with the Court's failure to cite particular pieces of evidence in its July 29, 2016 Memorandum Opinion. Contrary to Plaintiffs' contention, the Court considered this evidence, which was presented in Plaintiffs' Opposition to NJTA's Motion for Summary Judgment Brief. (Pls.' Opp'n to NJTA's Summ. J. Br. 3-5, 12, 15, 17-18, 21, ECF No. 357.) The Court notes that the parties submitted voluminous briefing with respect to the fourteen motions that the Court discussed in the July 29, 2016 Memorandum Opinion. Accordingly, the Court expended significant judicial resources to review all of the material presented, but did not cite every piece of evidence that it considered in reaching its conclusions. To do so would have required unnecessary and impractical citations to the record. The Court's failure to cite a particular piece of evidence is not grounds for granting a motion for reconsideration. *See Byrne v. Calastro*, No. 05-68, 2006 WL 2506722, at *2 (D.N.J. Aug. 28, 2006) ("An argument is not deemed overlooked because it is not specifically addressed in a court's opinion. An argument may be regarded as having been considered if it is presented to the court in written submissions and in oral argument."). (quoting *Eichorn v. AT&T Corp.*, No. CIV.A. 96-3587 (MLC), 1999 WL 33471890, (D.N.J. Aug. 23, 1999)). The Court finds that this evidence was insufficient to satisfy the standing requirement.

For the reasons set forth above, Plaintiffs' Motion for Reconsideration is **DENIED**. An Order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: December 19th, 2016