NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RARITAN BAYKEEPER, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NL INDUSTRIES, INC., et al.,<br><br>Defendants. | Civil Action No. 09-4117 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiffs Raritan Baykeeper, Inc. and Edison Wetlands Association, Inc.'s (collectively, "Plaintiffs") motion for certification of the Court's July 29, 2016 Order ("July 29 Order") and December 20, 2016 Order ("December 20 Order") (collectively, the "Orders") for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) or, in the alternative, for entry of partial final judgment under Rule 54(b) of the Federal Rules of Civil Procedure ("Rule 54(b)"). (ECF No. 430-1.) Defendants New Jersey Turnpike Authority ("NJTA"), Michael Davis, in his official capacity as the Regional Director of Operations for the Central Region of the New Jersey Department of Transportation ("NJDOT") (collectively, the "NJDOT Defendants")[1] and NL Environmental Management Services, Inc. and NL Industries, Inc. (collectively, the "NL Defendants") filed opposition (ECF Nos. 438, 439, 440), and Plaintiffs replied (ECF No. 444, 445). The Court has carefully considered the parties' submissions and

---

[1] Consistent with the Court's earlier decisions, the Court shall also refer to Defendants NJDOT and NJTA collectively as the "Bridge Defendants." (*See* ECF Nos. 412, 428.)

decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Plaintiffs' motion is denied.

## I. LEGAL STANDARD

### A. Certification Pursuant to 28 U.S.C. § 1292(b)

As a general rule, a matter may not be appealed to the Third Circuit until final judgment is entered. A district court has the discretion to grant a Section 1292(b) certification if the order in question: "(1) involve[s] a controlling question of law, (2) offer[s] substantial ground for difference of opinion as to its correctness, and (3) if appealed immediately [would] materially advance the ultimate termination of the litigation." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974) (internal quotation marks omitted). The burden to demonstrate that certification is appropriate lies with the moving party. *Elec. Mobility Corp. v. Borns Sensors/Controls, Inc.*, 87 F. Supp. 2d 394, 398 (D.N.J. 2000). Interlocutory appeal is to be "used sparingly" and only in "exceptional" circumstances that justify forgoing the normal procedure of appealing after final judgment. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 74 (1996).

### B. Partial Final Judgment Pursuant to Rule 54(b)

Rule 54(b) permits a district court to "direct entry of a final judgment as to one or more, but fewer than all, claims . . . [but] only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). As the Third Circuit recognized, "[c]ertification of a judgment as final under Rule 54(b) is the exception, not the rule, to the usual course of proceedings in district courts." *Elliot v. Archdiocese of N.Y.*, 682 F.3d 213, 220 (3d Cir. 2012). Under Rule 54(b), a court must make two findings to direct entry of a final judgment on a claim. First, it must determine that the judgment is final "in the sense that it is 'an ultimate disposition of an individual claim entered in the course of [a] multiple claims action.'" *Sussex Drug Prod. v. Kanasco, Ltd.*, 920 F.2d

2

1150, 1153 (3d Cir. 1990) (quoting *Curtis-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)). Second, the court must determine that there is no just reason for delay. *Berckeley Inv. Grp., Ltd., v. Colkitt*, 455 F.3d 195, 202 (3d Cir. 2006).

## II. DISCUSSION[2]

### A. Certification Pursuant to 28 U.S.C. § 1292(b)

In support of certification,[3] Plaintiffs first argue that "[t]he July 29 Order is a 'clear case of a controlling question of law[.]'" (Pls.' Moving Br. 3 (quoting *Katz*, 496 F.2d at 755).) Specifically, Plaintiffs argue that the controlling question of law "concerns a threshold issue of jurisdiction . . . that, if reversed, would result in the remand of the case against [the Bridge Defendants] to this Court." (*Id.* at 3-4.) A question of law is controlling if "an incorrect disposition would constitute reversible error and . . . it is serious to the conduct of the litigation, either practically or legal[ly]." *Eisenberger v. Chesapeake Appalachia, LLC*, No. 09-1415, 2010 WL 1816646, at *3 (M.D. Pa. May 5, 2010) (citing *Katz*, 496 F.2d at 747).

In its July 29, 2016 Memorandum Opinion, the Court applied well-settled legal principles and reasoned that "even construing the facts in the light most favorable to Plaintiffs, on the current

---

[2] The background for this dispute is set forth in detail in the Court's decisions on the parties' previous motions for summary judgment and reconsideration. (*See* ECF Nos. 412, 428.)

[3] Plaintiffs seek to certify the following question of law:

> Whether plaintiffs in a citizen suit under [the Resource Conservation and Recovery Act ("RCRA")], 42 U.S.C [§] 6972(a)(1)(B), who have shown that a defendant directly discharges pollutants in an area affecting their interests, must further show that contamination in the affected area is attributable to that defendant and not third parties in order to establish that their injuries are "fairly traceable" to that defendant's conduct for purposes of standing under Article III of the U.S. Constitution.

(Pls.' Moving Br. 3.)

3

record, a fact finder could not find that the alleged injuries were caused by contamination attributable to the Bridge Defendants 'and not . . . the result [of] the independent action of some third party not before the [C]ourt.'" (July 29, 2016 Mem. Op. 13-14, ECF No. 412.) In particular, the Court noted that Plaintiffs "have not referenced any admissible evidence to show that the amount of metal contained in the stormwater discharge from the Bridges exceeds the amount that the Bridge Defendants are permitted[4] to release." (*Id.* at 13.) The Court, therefore, concluded that Plaintiffs failed "to show[] or even offer[] sufficient proof for a reasonable fact finder to find that the contaminants in the sediment are traceable to [the] Bridge Defendants." (*Id.*) The Court also considered whether Plaintiffs had met their threshold burden of showing that a reasonable fact finder could find that these alleged injuries were traceable to the Bridge Defendants' conduct. (*Id.*) Although framed as a "clear case of a controlling question of law," at bottom, it appears that Plaintiffs disagree with the Court's determination on the sufficiency of Plaintiffs' proof. The Court, accordingly, finds that the July 29 Order does not present a controlling question of law that is amenable to review under Section 1292(b).

Second, Plaintiffs argue that "[t]here exists a 'substantial ground for difference of opinion' between the Court's analysis of whether traceability under Article III in a RCRA case requires a plaintiff to show that contamination is attributable to a particular defendant which is directly discharging contaminants to an affected area, rather than a third party."[5] (Pls'. Moving Br. 6.)

---

[4] "NJTA Defendants obtained a [Clean Water Act ("CWA")] permit precisely because its stormwater discharge contains some metals." (July 29, 2016 Mem. Op. 13.)

[5] Plaintiffs' arguments in support of their motion for interlocutory appeal mirror the arguments that Plaintiffs presented in their motion for reconsideration. (*See* Pls.' Mot. for Recons. Br. 2, ECF No. 418 (arguing that the Court made the following errors of law: "(1) it analyzed harm to the environment . . . to determine standing; (2) it imposed a higher evidentiary standard . . . on the threshold issue of justiciability; (3) it misapplied legal standards . . . to [P]laintiffs' [RCRA] claim;

4

A substantial ground for difference of opinion exists when there is genuine doubt or conflicting precedent as to the correct legal standard. *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 355, 360 (D.N.J. 2001). "The clearest evidence of substantial grounds for difference of opinion is where there are conflicting interpretations from numerous courts." *Knopick v. Downey*, 963 F. Supp. 2d 378, 398 (M.D. Pa. 2013) (internal quotation marks omitted).

In the Court's July 29, 2016 and December 20, 2016 Memoranda Opinions, the Court analyzed the applicable case law pertaining to whether Plaintiffs met their burden on standing. The Court concluded that "[t]he evidence that the discharge contained some metals, which naturally occur in the environment, that are also discharged by other sources, and redistributed in the river, is not sufficient to show that Plaintiffs' asserted injuries to their aesthetic, recreational, and economic interests are traceable to the Bridge Defendants' conduct." (Dec. 20, 2016 Recons. Op. 4, ECF No. 428; *see* July 29, 2016 Mem. Op. 12-14.) Here, Plaintiffs disagree with the Court's determination of certain factual issues that were material to the dispute. "[M]ere disagreement with [a] district court's ruling does not constitute a substantial ground for [a] difference of opinion within the meaning of [Section] 1292(b)." *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996) (internal quotation marks omitted). Accordingly, the Court finds that Plaintiffs fail to identify a "substantial ground for difference of opinion" within the meaning of Section 1292(b).

Third, Plaintiffs argue that the appeal will materially advance the termination of this litigation. (Pls.' Moving Br. 20.) Specifically, Plaintiffs contend that "an interlocutory appeal of the July 29 Order and a stay of the evidentiary hearing as to [the] NL [Defendants] would allow for the possibility, if [P]laintiffs prevail, that the Bridge Defendants are reinstated as defendants

---

and (4) it overlooked [P]laintiffs' evidence showing that the contaminants the Bridge Defendants discharge settle in the sediments.").)

and an evidentiary hearing on standing becomes unnecessary." (*Id.*) Under this scenario, Plaintiffs argue that the Court could proceed with a single trial on the merits against the Bridge Defendants and the NL Defendants. (*Id.*) "A [Section] 1292(b) certification materially advances the ultimate termination of the litigation where the interlocutory appeal eliminates: (1) the need for trial; (2) complex issues that would complicate trial; or (3) issues that would make discovery more costly or burdensome." *Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*, No. 11-00011, 2013 WL 663301, at *4 (D.N.J. Feb. 21, 2013). "Certification is more likely to materially advance the litigation where the appeal occurs early in the litigation, before extensive discovery has taken place and a trial date has been set." *N.J. Prot. & Advocacy, Inc. v. N.J. Dep't of Educ.*, No. 07-2978, 2008 WL 4692345, at *3 (D.N.J. Oct. 8, 2008).

Here, extensive discovery has concluded, dispositive motions have been decided, and the Court has scheduled a May 2017 evidentiary hearing on standing as to the NL Defendants. The Court disagrees with Plaintiffs, and finds that Plaintiffs' assertions are too speculative. The Court, therefore, finds that appellate review of the July 29 Order would not advance the termination of this litigation or substantially accelerate its disposition. Accordingly, the Court concludes that Plaintiffs fail to demonstrate that certification is appropriate.

### B. Partial Final Judgment Pursuant to Rule 54(b)

In the alternative, Plaintiffs seek to certify the July 29 Order for entry of partial final judgment under Rule 54(b), arguing that this will allow Plaintiffs to appeal the July 29 Order immediately while the evidentiary hearing on standing proceeds against the NL Defendants. (Pls.' Moving Br. 1-2, 21-22.) First, with respect to the finality of the judgment, it is undisputed that the July 29 Order, disposing of the one RCRA claim against the Bridge Defendants, and subsequent denial of Plaintiffs' reconsideration motion constitutes an "ultimate disposition" as to some of the

claims in this case. *Otsuka Pharm. Co. v. Zydus Pharm. USA, Inc.*, 314 F.R.D. 372, 377 (D.N.J. 2016). While this finding is necessary for entry of a final judgment pursuant to Rule 54(b), it alone is not a sufficient basis for directing entry of a final judgment. "Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Curtis-Wright Corp.*, 446 U.S. at 8. Thus, having found that the Orders disposed of the claims against the Bridge Defendants in this action, the Court must now determine whether there is just reason for delay. *See Berckeley Inv. Grp., Ltd.*, 455 F.3d at 202.

To determine whether there is "just reason for delay," under Rule 54(b), the Third Circuit instructed district courts to consider the following factors:

(1) the relationship between the adjudicated and unadjudicated claims;
(2) the possibility that the need for review might be mooted by future developments . . . ;
(3) the possibility that the reviewing court might be obliged to consider the same issue a second time;
(4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; and
(5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of the trial, frivolity of competing claims, expense, and the like.

*Allis-Chalmers Corp. v. Phila. Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975) (internal citations omitted), *overruled in part by Curtis-Wright Corp.*, 446 U.S. at 6-7.

With respect to the first factor, while Plaintiffs assert that their "RCRA claim against the Bridge Defendants is factually distinct from [P]laintiffs' RCRA claim against [the] NL [Defendants]," (Pls.' Moving Br. 23), the submissions demonstrate otherwise. Second, the evidentiary hearing on standing as to the NL Defendants may moot the need for appellate review of the July 29 Order. Depending on the disposition of the evidentiary hearing, Plaintiffs, should they elect, will have the opportunity to seek appellate review following the Court's determination

7

on standing as to the NL Defendants or the disposition of their claims on the merits. Third, there is a reasonable possibility that the Third Circuit may be obliged to consider the same issue a second time following the Court's decision on standing as to the NL Defendants. In addition, with respect to the "miscellaneous factors," given the procedural posture of the case, the Court does not find that denial of certification pursuant to Rule 54(b) will cause a substantial hardship or result in tangible time saved. Furthermore, as the remaining factors are neutral as to certification, the Court finds that there is no just reason for delay.

### III. <u>CONCLUSION</u>

For the reasons set forth above, Plaintiffs' motion for certification of the Court's July 29 Order or, in the alternative, for entry of partial final judgment is denied. The Court will issue an order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: April 26th, 2017