**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RARITAN BAYKEEPER, INC., et al., Plaintiffs, v. NL INDUSTRIES, INC., et al., Defendants. | Civil Action No. 09-4117 (MAS) (DEA) **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiffs Raritan Baykeeper, Inc. and Edison Wetlands Association, Inc.'s (collectively, "Plaintiffs") Motion for Partial Reconsideration of the Court's Memorandum Opinion and Order dated March 27, 2018 finding that Plaintiffs lacked standing to pursue Clean Water Act ("CWA") claims (ECF Nos. 500, 501). (ECF No. 502.) Defendants NL Environmental Management Services, Inc. and NL Industries, Inc. (collectively, the "NL Defendants") filed opposition (ECF No. 506), and Plaintiffs filed for leave to reply and included their proposed reply brief (ECF No. 504). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Plaintiffs' Motion to File a Reply is GRANTED and Motion for Reconsideration is DENIED.

**I.      Motion for Leave to File a Reply**

A movant on a motion for reconsideration is not permitted to file a reply unless the Court grants leave to file. L.Civ.R. 7.1(d)(3). Plaintiffs filed a request for leave to file a reply on April 27, 2018. (ECF No. 504.) Plaintiffs' proposed reply argues that the NL Defendants' "brief

raises issues that relate to the merits of plaintiffs' CWA claims, are irrelevant to constitutional standing, and were already settled by this Court." (*Id.*) The Court finds that Plaintiffs proposed the reply in good faith, seeking to respond to the NL Defendants' opposition brief and not to regurgitate or put forth new arguments. *See Bayer AG v. Schein Pharm.*, 129 F. Supp. 2d 705, 716 (D.N.J. 2001) ("It is axiomatic that reply briefs should respond to the respondent's arguments or explain a position in the initial brief that the respondent has refuted." (quoting *Elizabethtown Water Co. v. Hartford Cas. Ins. Co.*, 998 F. Supp. 447, 458 (D.N.J. 1998))); *Dana Transp., Inc. v. Ableco Fin., LLC*, No. 04-2781, 2005 WL 2000152, at *6 (D.N.J. Aug. 17, 2005) ("The purpose of the reply brief is to respond to the opposition brief or explain a position that the respondent has refuted."). Plaintiffs' Motion for Leave to File Reply, therefore, is granted. The Court, accordingly, considers the reply brief in connection with Plaintiffs' Motion for Reconsideration.

## II. Motion for Reconsideration

### A. Legal Standard

Reconsideration under Local Civil Rule 7.1 is "an extraordinary remedy" that is granted "very sparingly." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002) (internal citations and quotation marks omitted). Pursuant to Local Civil Rule 7.1(i), a motion for reconsideration must "set forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked[.]" L.Civ.R. 7.1(i). Generally, a motion for reconsideration will only be granted "when 'dispositive factual matters or controlling decisions of law' were brought to the court's attention but not considered." *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001) (quoting *Pelham v. United States*, 661 F. Supp. 1063, 1065 (D.N.J. 1987)). The moving party must show "at least one of

the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). The scope of the motion is "extremely limited," and the party moving for reconsideration cannot use the motion "as an opportunity to relitigate the case[.]" *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). As such, "[m]ere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]." *United States v. Pinkhasov*, No. 08-285, 2009 WL 150669, at *1 (D.N.J. Jan. 21, 2009). A motion for reconsideration, therefore, is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 612-13 (D.N.J. 2001).

### B. Plaintiffs' Position

Plaintiffs argue that the Court committed clear error when it applied the incorrect legal standard in its determination of CWA standing. (Pl.'s Moving Br. 1-3, ECF No. 502-1.) Plaintiffs first draw a distinction between two types of claims pursuant to CWA § 502—those that are brought by plaintiffs seeking to enforce the discharge limits proscribed by a National Pollutant Discharge Elimination System ("NPDES") permit and those that are brought against an entity allegedly making "unpermitted discharges." (*Id.* at 4.) According to Plaintiffs, the first type of claim was at issue in *Public Interest Research Group of New Jersey v. Powell Duffryn Terminals, Inc.*, 913 F.2d 64 (3d Cir. 1990), and the first prong of the case's analysis—discharge of a pollutant in concentrations in excess of what is allowed by its permit—applies only to these claims. (*Id.* at 3, 6.) Plaintiffs assert that their claims consist of the second type of § 502 claim,

3

which may be brought when a defendant discharges a pollutant: (i) that it is not authorized to emit pursuant to a NPDES permit; or (ii) when it does not hold a NPDES permit at all. (*Id.* at 6, 9.) Finally, Plaintiffs assert that the CWA standing analysis is essentially the same as the RCRA analysis, and therefore, Plaintiffs have standing to pursue claims under the CWA. (*Id.* at 10.) In reply, Plaintiffs claim that: (i) evidence of current discharges and EPA effluent guidelines are irrelevant to the standing analysis; and (ii) the NL Defendants' arguments are arguments on the merits of the claims, not as to standing. (Pls.' Reply Br. 2-6, ECF No. 504-2.)

### C. NL Defendants' Position

The NL Defendants assert that Plaintiffs' motion for reconsideration is improper because Plaintiffs failed to address CWA standing during the evidentiary hearing or in their post-hearing submissions. (Defs.' Opp'n Br. 3, ECF No. 503.) The NL Defendants claim that, therefore, Plaintiffs are not allowed to assert new arguments that could have been previously raised. (*Id.* at 4.) Further, the NL Defendants assert that: (i) Plaintiffs failed to present any evidence of current discharges from the site (*id.* at 6); (ii) the CWA does not permit citizen suits based on past violations (*id.* at 6-7); and (iii) Plaintiffs misunderstand what constitutes an unpermitted discharge under the CWA (*id.* at 10).

### D. Discussion

Local Civil Rule 7.1 "permits reconsideration only when 'dispositive factual matters or controlling decisions of law' *were presented to the court* but were overlooked." *Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507 (quoting *Resorts Int'l v. Greate Bay Hotel and Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992)); *see also Khair v. Campbell Soup Co.*, 893 F. Supp. 316, 337 (D.N.J. 1995) (emphasis added). Here, the Court finds that Plaintiffs failed to address CWA standing in the pre-hearing briefing, during the hearing, and in their post-hearing submissions. Plaintiffs

cannot raise new matters or arguments that could have been raised before the original decision was made. *See Bowers*, 130 F. Supp. 2d at 612-13.

Plaintiffs assert that they did not brief CWA standing because "the Court specifically ordered the parties to present evidence on three issues related to RCRA: (1) 'whether the 2000 and 2002 soil samples reflect the current level of contaminates in the soil,' (2) 'what weight should be afforded the NJDEP's ecological screening criteria,' and (3) what risks there are to human health and ecological receptors." (Pls.' Moving Br. 3 n.2.) The Court finds this contention without merit.

First, Plaintiffs quote a portion of the Court's July 29, 2016 Memorandum Opinion denying the parties' motions for summary judgment as to standing on *all* claims. (*Id.* (quoting July 29, 2016 Memorandum Opinion ("July 2016 Opinion") 15, ECF No. 412).) This portion of the July 2016 Opinion merely acknowledged that disputes of material fact existed with respect to the above listed topics—it did not explicitly set forth the scope of the hearing. (*See* July 2016 Opinion 15.) Further, the accompanying Order did not limit the scope of the evidentiary hearing to standing under RCRA. (*See* July 29, 2016 Order ¶ 10, ECF No. 411.) The Order stated that "[a]n evidentiary hearing to determine whether Plaintiffs have Article III standing with respect to the NL Defendants shall be held . . . [.]" (*Id.*) Second, Plaintiffs and the NL Defendants moved for summary judgment as to Article III standing on all of Plaintiffs' claims (Pls.' Standing SJ Moving Br. 1, ECF No. 348-1 ("Plaintiffs seek summary judgment and a declaration of their standing to bring claims against defendants under the Resource Conservation and Recovery Act ("RCRA") and the Clean Water Act ("CWA")."); Defs.' Standing SJ Moving Br. 13, ECF No. 364-1 ("Plaintiffs Lack Standing to Bring their Claims Under RCRA or the CWA.").) The July

2016 Opinion denied both parties' motions without prejudice; it did not rule on standing as to the CWA. (*See* July 2016 Opinion 16.)

Plaintiffs failed to brief the issue of CWA standing in connection with the preliminary evidentiary hearing. (*See* Pls.' Pre-Hr'g Br. on Article III Standing ("Pls.' Pre-Hr'g Br."), ECF No. 446; Pls.' Post-Hr'g Br. on Article III Standing 1 ("Pls.' Post-Hr'g Br."), ECF No. 493-1.) Plaintiffs opened their pre-hearing briefing by characterizing this action only as a "RCRA citizen suit," and noted that "the suit . . . has been pending for nearly eight years." (Pls.' Pre-Hr'g Br. 1.) Plaintiffs further identified the subject of the preliminary evidentiary hearing to be standing under RCRA. (Pls.' Post-Hr'g Br. 1.) The NL Defendants, however, raised the issue of CWA standing, although briefly, in their post-hearing Proposed Conclusions of Law. (Defs.' Proposed Conclusions of Law ¶¶ 58, 64, ECF No. 494-1.) This matter has been pending since 2009 and contains voluminous filings. The Court noticed the discrepancy in the briefing and performed a searching review of the docket in an effort to determine whether Plaintiffs abandoned any CWA claim. The parties, however, must carry their burdens in order to prevail on a motion. *See Doeblers' Pa. Hybrids, Inc. v. Doebler*, 442 F.3d 812, 820 n.8 (3d Cir. 2006) (quoting *Albrechtsen v. Bd. of Regents of Univ. of Wis. Sys.*, 309 F.3d 433, 436 (7th Cir. 2002)) ("'Judges are not like pigs, hunting for truffles buried' in the record."). The Court, accordingly, finds that Plaintiffs had ample opportunity to raise their CWA standing arguments but failed to do so, and cannot now raise the issue on a motion for reconsideration.

## III. Conclusion

For the reasons set forth above, Plaintiffs' Motion for Leave to File a Reply is GRANTED and Motion for Reconsideration is DENIED. An Order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: August 29th, 2018