## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

RARITAN BAYKEEPER, INC., et al.,

    Plaintiffs,

v.

NL INDUSTRIES, INC., et al.,

    Defendants.

Civil Action No. 09-4117 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Plaintiffs Raritan Baykeeper, Inc. and Edison Wetlands Association, Inc.'s (collectively, "Plaintiffs") Motion for a Preliminary Injunction. (ECF No. 507.) Defendants NL Environmental Management Services, Inc. and NL Industries, Inc. (collectively, the "NL Defendants"), Sayreville Seaport Associates Urban Renewal, LP ("SSA"), and Sayreville Economic Redevelopment Agency ("SERA") opposed.[1] (ECF Nos. 510, 511, 512.) Plaintiffs replied. (ECF No. 516.) The Court has considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court denies Plaintiffs' Motion for a Preliminary Injunction.

**I.**     **Procedural Background**

    The underlying facts to this action have been discussed in detail in the Court's prior opinion and need not be repeated here. (*See* Op., Jan. 8, 2013, ECF No. 233.) From May 8, 2017 to May

---

[1] SSA and SERA joined in Sections I and II(B)(1) of the NL Defendants' Brief in Opposition to Plaintiffs' Motion for a Preliminary Injunction. (ECF Nos. 511, 512.)

12, 2017, the Court held an evidentiary hearing to determine Plaintiffs' constitutional standing. (*See* ECF Nos. 474, 475, 476, 477, 478.) On March 27, 2018, the Court found Plaintiffs have standing to sue under their Resource Conservation and Recovery Act ("RCRA") claims, but not their Clean Water Act ("CWA") claims. (ECF Nos. 500, 501.) On August 29, 2018, the Court denied Plaintiffs' Motion for Reconsideration. (ECF No. 517.)

While the Motion for Reconsideration was pending, Plaintiffs filed the instant Motion for a Preliminary Injunction alleging it recently learned North American Properties ("NAP")—a non-party—plans to "immediately" create a marina whose construction may pose irreparable injury to construction workers, the public, and the environment. (Pls.' Moving Br., 18, ECF No. 507.) As such, Plaintiffs moved the Court to issue: (1) a preliminary injunction "preserving the status quo *pendente lite*" and enjoining SSA, SERA, and NAP[2] from commencing construction of the marina, and (2) a mandatory preliminary injunction ordering the NL Defendants to conduct a remedial investigation pursuant to N.J.A.C. 7:26E-3.6(c)(3)-(4). (*Id.* at 20.)

## II. Legal Standard

"Preliminary injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.'" *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (quoting *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merk Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d Cir. 2002)). Plaintiffs bear the burden of establishing they are "likely to succeed on the merits . . . likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted).

---

[2] The Court notes Plaintiffs failed to establish the Court can enjoin NAP, a non-party.

2

"Moreover, where the relief ordered by the preliminary injunction is mandatory and will alter the status quo, the party seeking the injunction must meet a higher standard of showing irreparable harm in the absence of an injunction." *Bennington Foods, LLC v. St. Croix Renaissance, Grp., LLP*, 528 F.3d 176, 179 (3d Cir. 2008). Therefore, "mandatory injunctive relief is 'granted sparingly, because mandatory injunctions are more burdensome than prohibitory injunctions, and will disturb the status quo prior to final adjudication.'" *Tri-Realty Co. v Ursinus Coll.*, No. 11-5885, 2013 WL 5298469, at *12 (Sept. 19, 2013) (quoting *Christie-Spencer Corp. v. Hausman Realty Co.*, 118 F. Supp. 2d 408, 418 (S.D.N.Y. Oct. 23, 2000)).

For Plaintiffs to ultimately prevail under RCRA's citizen suit provision—42 U.S.C. § 6972(a)(1)(B)—they must prove:

> (1) that the defendant is a person, including, but not limited to, one who was or is a generator or transporter of solid or hazardous waste or one who was or is an owner or operator of a solid or hazardous waste treatment, storage, or disposal facility; (2) that the defendant has contributed to or is contributing to the handling, storage, treatment, transportation, or disposal of solid or hazardous waste; and (3) that the solid or hazardous waste may present an imminent and substantial endangerment to human health or the environment.

*Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 399 F.3d 248, 258 (3d Cir. 2005) (citations omitted). The Third Circuit has further summarized that provision as follows:

> The operative word . . . [is] "may" . . . .
>
> [P]laintiffs need only demonstrate that the waste . . . "may present" an imminent and substantial threat . . . . Similarly, the term "endangerment" means a threatened or potential harm, and does not require proof of actual harm . . . . The endangerment must also be "imminent" [meaning] threatens to occur immediately . . . . Because the operative word is "may," however, the plaintiffs must [only] show that there is a potential for an imminent threat of serious harm . . . [as] an endangerment is substantial if it is "serious" . . . to the environment or health.

*Id.* (quoting *Parker v. Scrap Metal Processors, Inc.*, 386 F.3d 993, 1015 (11th Cir. 2004).

## III. Discussion

The Court finds Plaintiffs failed to establish that, absent the Court's issuance of preliminary injunctive relief, they will suffer irreparable harm prior to a resolution on the merits. Here, Plaintiffs contend SSA recently entered into an agreement with a new developer, NAP, who proposes to expand the original development plans for the subject site ("the Site")[3] and create, among other things, a 200-slip marina. (Pls.' Moving Br. 16-17; Pls.' Ex. 218, ECF No. 507-5.) Plaintiffs claim that to construct the marina, NAP will have to perform dredging, which will bring historical sediment that contains "higher levels of contamination" to the surface, thereby "exacerbating" harm to "the public, construction workers, and the environment." (Pls.' Moving Br. 16-17, 32; *see also* Aff. of Greg Remaud, Ex. 217, ECF No. 507-4.)

Plaintiffs also contend their Motion for a Preliminary Injunction is timely because they "are suffering imminent and irreparable injury from metal contamination now," and therefore they "are entitled to injunctive relief regardless of whether or when a marina is built." (Pls.' Reply Br. 9, 10.) They further contend they are seeking preliminary relief because the Court has not yet set a trial date and the case has been pending for years. (*Id.* at 11.)

Plaintiffs, however, frame their instant motion in terms of the marina's allegedly imminent construction, arguing *pendente lite* support is required to halt construction activities that may harm construction workers, the public, and the environment. Plaintiffs' proofs supporting that such construction will occur, however, are merely speculative and fail to establish when NAP will begin constructing the marina. Indeed, Plaintiffs acknowledge NAP "has stated that it intends

---

[3] In a prior decision, the Court described the Site as "consist[ing] of approximately 440 acres of land located at 1000 Chevalier Avenue, Sayreville, Middlesex County, New Jersey. It is surrounded on three sides by the Raritan River, which is the largest river located entirely within New Jersey. The Garden State Parkway, Route 9, and Route 35 cross the Site." (Op., Jan. 8, 2013 at 2.)

4

to build out Riverton over the course of [ten] to [twelve] years in [five] to [six] phases, with the first phase breaking ground this year." (Pls.' Moving Br. 36.) Moreover, Plaintiffs concede they "do not know the date on which NAP plans to begin constructing the marina or the timeline for its construction"; nevertheless, Plaintiffs contend "construction is imminent." (Pls.' Moving Br. 2.) *See e.g., Christie-Spencer Corp.*, 118 F. Supp. 2d at 418 (quoting *Forest City Daly Hous., Inc. v. Town of N. Hempstead*, 175 F.3d 144, 153 (2d Cir. 1999)) ("The threat of injury must be 'actual and imminent,' not remote or speculative, and not easily compensated by monetary damages."). The Court, accordingly, finds Plaintiffs failed to carry their burden in establishing they will suffer immediate irreparable injury in the absence of a preliminary injunction. Because Plaintiffs are unable to carry their burden regarding preserving the status quo, it follows that they cannot meet the "higher standard" for that of a mandatory injunction. *See Bennington Foods*, 528 F.3d at 179.

For the reasons set forth above, Plaintiffs' Motion for a Preliminary Injunction is **DENIED**. An Order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: September 20, 2018