# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

RARITAN BAYKEEPER, INC., et al.,

    Plaintiffs,

v.

NL INDUSTRIES, INC., et al.,

    Defendants.

Civil Action No. 09-4117 (MAS) (DEA)

**MEMORANDUM ORDER**

This matter comes before the Court upon the following motions: (1) Plaintiffs Raritan Baykeeper, Inc. and Edison Wetlands Association, Inc.'s ("Plaintiffs") Second Motion for Summary Judgment (ECF No. 526); (2) Defendants NL Environmental Management Services, Inc. and NL Industries, Inc.'s ("Defendants") Second Motion to Preclude the Testimony of Dr. Atul Salhotra (ECF No. 527); (3) Defendants' Second Motion to Preclude the Testimony of Dr. William Rogers (ECF No. 528); and (4) Defendants' Second Motion for Summary Judgment (ECF No. 529). The Court heard oral argument on the Motions on August 6, 2019.[1] (ECF No. 546.)

Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact raises a "genuine" dispute "if the evidence is such that a reasonable [fact-finder] could return a verdict for the nonmoving party." *Williams v. Borough of W. Chester*, 891 F.2d 458, 459 (3d Cir. 1989). The Court must consider all facts and their logical inferences in the light most favorable to the nonmoving party. *Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986). The Court will not "weigh the evidence and determine the truth of the matter" but will determine whether a genuine dispute necessitates a

---

[1] The underlying facts of the matter are set forth in the Court's previous decisions and will not be repeated herein. In addition, the Court will not separately summarize each party's arguments. Rather, the Court will incorporate relevant portions of the parties' arguments in its discussion. Finally, this Memorandum Order does not define acronyms that are well-known by the parties.

trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). While the moving party bears the initial burden of showing the absence of a genuine dispute of material fact, meeting this obligation shifts the burden to the nonmoving party to "set forth specific facts showing that there is a genuine [dispute] for trial." *Id.* at 250. If the nonmoving party fails to demonstrate proof beyond a "mere scintilla" of evidence that a genuine dispute of material fact exists, then the court must grant summary judgment. *Big Apple BMW v. BMW of N. Am.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

"The standard by which the court decides a summary judgment motion does not change when the parties file cross-motions." *Clevenger v. First Option Health Plan of N.J.*, 208 F. Supp. 2d 463, 468 (D.N.J. 2002). "When ruling on cross-motions for summary judgment, the court must consider the motions independently . . . and view the evidence on each motion in the light most favorable to the party opposing the motion." *Id.* at 468-69 (internal citations omitted). "That one of the cross-motions is denied does not imply that the other must be granted." *Ill. Nat'l Ins. Co. v. Wyndham Worldwide Operations, Inc.*, 85 F. Supp. 3d 785, 794 (D.N.J. 2015); *accord F.A.R. Liquidating Corp. v. Brownell*, 209 F.2d 375, 380 (3d Cir. 1954).

Additionally, the Third Circuit has held that to establish liability under the Resource Conservation and Recovery Act ("RCRA"), a plaintiff must prove:

> (1) that the defendant is a person, including, but not limited to, one who was or is a generator or transporter of solid or hazardous waste or . . . was or is an owner or operator of a solid or hazardous waste treatment, storage, or disposal facility;
>
> (2) that the defendant has contributed to or is contributing to the handling, storage, treatment, transportation, or disposal of solid or hazardous waste; and
>
> (3) that the solid or hazardous waste may present an imminent and substantial endangerment to health or the environment.

*Interfaith Cmty. Org. v. Honeywell Int'l Inc.*, 399 F.3d 248, 258 (3d Cir. 2005), *cert. denied*, 545 U.S. 1129 (2005). The word imminent "implies that there must be a threat which is present *now*, although the impact of the threat may not be felt until later." *Meghrig v. KFC W., Inc.*, 516 U.S. 479, 486

(1996) (emphasis in original). Moreover, "'endangerment' means a threatened or potential harm, and does not require proof of actual harm." *Honeywell*, 399 F.3d at 258.

After careful consideration, the Court finds that neither party has established that it is entitled to summary judgment because the parties' arguments require the Court to weigh the evidence, which is inappropriate at this stage. Here, the parties are essentially asking the Court to make a determination as to the relevance and sufficiency of the sampling data sets produced in 2000, 2002, 2008, 2011, and 2017. Plaintiffs contend that all of the data samples indicate that the Sayreville Site contains metal concentration amounts that exceed New Jersey regulatory screening guidelines.[2] (*See* Pls.' Reply Br. 7-8, ECF No. 538.) Defendants argue, however, that the EPA determined, and the DEP agreed, that the arsenic cleanup level for river sediments is 100 ppm, not 19 ppm. (*See* Defs.' Reply Br. 1-2, ECF No. 541.) In contrast to Plaintiffs' arguments, Defendants aver that those very same data sets demonstrate that the metal concentration amounts at the Sayreville Site have decreased over time and further fall below DEP and EPA remediation and cleanup levels for the region. (Defs.' Reply Br. 8-10.)

Here, although Plaintiffs emphasize that "[p]roof of contamination in excess of state standards may support a finding of [RCRA] liability, and may alone suffice for liability in some cases," (*see e.g.*, Pls.' Reply Br. 9 (citing *Honeywell*, 399 F.3d at 261)), Plaintiffs have not provided the Court with any reason as to why, under the instant facts, exceeding the state standards alone suffices to establish Defendants' liability under RCRA. This is particularly true in light of Defendants' contention that other benchmarks, such as the remediation guidelines set for neighboring Superfund sites, should be taken into consideration. (*See e.g.*, Defs.' Reply Br. 11.) Further, Plaintiffs' arguments pertaining to the expert witnesses' cancer risk assessments would require the Court to evaluate the doctors' opinions without the benefit of having heard those witnesses' testimony. Such

---

[2] In addition, the Court acknowledges Plaintiffs' argument that the RDCSR Standard constitutes a cleanup, not screening, standard.

3

a determination is inappropriate at summary judgment, and therefore, Plaintiffs failed to present persuasive evidence that there is no dispute regarding the cancer risk assessment data.

Thus, the Court finds that there is a dispute regarding the "evidence linking the [New Jersey] standards to potential imminent and substantial risks to human health or wildlife," *Lewis v. FMC Corp.*, 786 F. Supp. 2d 690, 710 (W.D.N.Y. 2011), which is material to the Court's determination regarding Defendants' liability under RCRA.

Finally, the Court is concerned by the parties' dispute regarding the comparability of the data sets themselves. Defendants aver that the data sampling sets demonstrate that the metal concentrations in the soil have decreased over time. Plaintiffs, however, argue that "[b]ecause the sampling events were conducted at different depths, at different times, and at different locations" they are each incomparable to one another. (*See* Pls.' CSMF ¶¶ 82, 85, 92, 95, 103, ECF No. 532-1.)

The Third Circuit has agreed that "in a battle of the experts, the factfinder decides the victor." *Landsford-Coaldale Joint Water Auth. v. Tonolli Corp.*, 4 F.3d 1209, 1216 (3d Cir. 1993) (citation omitted); *see also Ins. Co. of Greater N.Y. v. Fire Fighter Sales & Servs. Co.*, 120 F. Supp. 3d, 449, 460-61 (W.D. Pa. 2015) (collecting cases stating that a battle of the experts precludes summary judgment). Here, because the Court must weigh the evidence before it, and there are disputes as to material facts—as demonstrated by the parties' experts' conflicting arguments—the Court is precluded from granting summary judgment in either party's favor. The Court, accordingly, denies Plaintiffs' and Defendants' Motions for Summary Judgment.

Turning to Defendants' Motions to Strike Expert Testimony, the Court agrees with Plaintiffs that those motions are premature. As the next step in this litigation is a bench trial, the Court is inclined to reserve on ruling on Defendants' motions until after it has had the opportunity to hear the expert witnesses' testimony. The Court, accordingly, denies without prejudice Defendants' Motions to Strike Expert Testimony, but will allow Defendants to renew their motions after the expert witnesses have testified at trial.

Based on the foregoing, and for other good cause shown,

IT IS on this 20th day of September, 2019, **ORDERED** that:

1. Plaintiffs' Motion for Summary Judgment (ECF No. 526) is **DENIED**.

2. Defendants' Motion for Summary Judgment (ECF No. 529) is **DENIED**.

3. Defendants' Motions to Preclude Testimony (ECF Nos. 527, 528) are **DENIED WITHOUT PREJUDICE**.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE