UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RARITAN BAYKEEPER, INC., *et al.* : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> NL INDUSTRIES, INC., *et al.*, : <br> : <br> Defendants. : | Civil Action No. 09-4117(MAS)(DEA) <br><br> **ORDER** |

This matter comes before the Court by way of a motion by Plaintiffs for leave to supplement the reports of their risk assessment experts. The motion was originally filed in February 2020, well after the close of expert discovery and two weeks prior to the Final Pretrial Conference. This matter (and consequently this motion) was subsequently administratively terminated when this matter was stayed due to the public health emergency. This case has now been restored to the Court's active docket, and the parties have provided supplemental briefing on the motion. The Court considers the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons below, Plaintiffs' motion is denied.

**I. BACKGROUND**

The issue of the supplementation of Plaintiffs' expert reports was originally raised to the Court on an informal basis by way of letters from counsel dated January 8, 2020. At that time, the case was a decade old and days from being trial ready. Discovery was long-closed, the parties' Final Pretrial Order was due to the Court by January 17, 2020, and the Final Pretrial Conference was scheduled for January 21, 2020. However, the parties informed the Court by way of the January 8th correspondence that Plaintiffs were conducting additional sediment testing

and were also in the process of supplementing their expert reports to evaluate "sediment data collected by Rutgers University in 2017 [that] came to light in this case in 2018" as well as incorporating updates to "applicable guidance and methodologies." ECF No. 554-4. Following the exchange of letters, the Court heard the parties on the issue of supplementation during a telephone conference on January 21, 2020. Thereafter, the Court entered an Order that stated in relevant part:

> 1. Plaintiffs' informal request for leave to conduct additional sediment sampling is DENIED.
>
> 2. Plaintiffs' informal request for leave to serve supplemental expert reports is DENIED.
>
> 3. All fact and expert discovery is CLOSED.

ECF No. 553.

Shortly thereafter, Plaintiffs filed the instant motion for leave to supplement the expert reports of their risk assessment experts or, in the alternative, for reconsideration of the Court's January 21, 2020 Order. In their original brief, Plaintiffs state that they seek to supplement the reports pursuant to Rules 26(a) and 26(e) of the Federal Rules of Civil Procedure "for the following limited purposes: to evaluate material, including sediment data collected in 2017, that was not available at the time of the expert reports, and to update risk calculations for human health based on updated exposure factors under current EPA guidance, scientific literature, and risk assessment practice." ECF No. 554-1 at 1. In their supplemental briefing, Plaintiffs note that, due to a recent amendment to state regulations, they also seek to update the report of their human health risk assessment expert to change the value for the non-carcinogenic toxicity of nickel in his risk assessment calculations.[1]

---

[1] Specifically, Plaintiffs seek to have Dr. Salhotra and Dr. Rogers supplement their reports to include opinions based on materials that include documents obtained in 2019 from the Riverton Planning Board; 2017 sediment data in the

Plaintiffs contend that the relief they seek is appropriate under Rule 26(e) because they have a duty to supplement their expert reports "to account for new information that was unavailable at the time of their reports and to correct any incompleteness or inaccuracy in their reports." *Id.* at 6. According to Plaintiffs, since the close of discovery, Plaintiffs have periodically obtained material through the Freedom of Information Act, the New Jersey Open Public Records Act, or their own investigations, and they have regularly produced these documents to Defendants in a timely manner. Plaintiffs state that they seek only to make their expert reports "complete and correct" and do not seek to add exposure scenarios, examples, illustrations, clarifications to existing arguments, or responses to Defendants' arguments for the purpose of bolstering their reports. *Id.* at 10.

In addition, Plaintiffs argue that, even if Rule 26(e) does not permit the supplementation they seek, the Court should not preclude the expert testimony at trial. Citing *Meyers v. Pennypack Woods Home Ownership Association*, Plaintiffs contend that Defendants are neither prejudiced nor surprised by Plaintiffs' proposed supplementation, any prejudice to Defendants could be cured by allowing Defendants to supplement their expert reports, the proposed supplementation would not disrupt the trial, and Plaintiffs are not acting in bad faith. *See Pennypack*, 559 F.2d 894, 905 (3d Cir. 1977).

Finally, Plaintiffs argue in the alternative that the Court should reconsider its January 21, 2020 ruling in order "to prevent manifest injustice". ECF 554-1 at 20. Plaintiffs claim that "none of the facts and law set forth in [the current briefing] were presented to Judge Arpert during the

---

report titled Spatial and Temporal Distribution of Priority Pollutants and Contaminants in the Lower Raritan River (June 5, 2018); and the EPA Five-Year Review Report for the Horseshoe Road and Atlantic Resources Superfund Sites (Dec. 14, 2017), and for Dr. Salhotra to supplement his report to include adjusted risk calculations based on updated exposure factors, and to update references to current scientific literature in his report. In their supplemental briefing, Plaintiff further seek to update Dr. Salhotra's calculations with the current toxicity value for nickel. Plaintiffs state that they are no longer seeking to conduct additional sediment sampling.

3

January 21 telephone conference", and therefore, Plaintiffs submit that the Court may have misunderstood their full position regarding supplemental expert reports." *Id.* at 21.

In response, Defendants argue that Plaintiffs have not identified any valid basis for the Court to reconsider its previous ruling. They contend that the fact that Plaintiffs' previous application was not made by formal motion is irrelevant, and that the Court made no clear error of law or fact.

Defendants also contend that Federal Rule of Civil Procedure 26(e) does not permit Plaintiffs to supplement their expert reports here. Defendants take issue with Plaintiffs' characterization that Plaintiffs simply seek to comply with Rule 26(e) to correct disclosures that are materially "incomplete or incorrect." Defendants contend that this is belied by the record, and point out that much of the information Plaintiffs now seek to include in new expert reports has been available since at least June 2018, if not earlier. Defendants state that, despite Plaintiffs having access to this information since that time, Plaintiffs never once suggested that their experts' reports were incomplete or incorrect prior to early 2020, after the parties' summary judgment motions were decided and this matter was ready for trial. Defendants note that Plaintiffs relied upon their existing expert reports when they moved for summary judgment in February 2019, when they opposed the NL Defendants' motion for summary judgment in April 2019, and when they opposed the NL Defendants' motion to exclude these same experts in April 2019.

Defendants also contend that, despite Plaintiffs' assertions that their intention is not to "bolster" their experts' opinions, that is exactly the purpose of Plaintiffs' motion. According to Defendants, the supplementation Plaintiffs seek is not to correct a prior disclosure and supply mistakenly omitted information or remedy an inaccuracy, but rather is "a plain and obvious last-

minute attempt by Plaintiffs to buttress their experts' opinions." ECF No. 562 at 2. Defendants argue that it would be fundamentally unfair to allow Plaintiffs to revise their expert opinions at this late stage of the case. According to Defendants, if Plaintiffs are permitted to submit new reports, the Defendants would have to have their own experts review the new information and prepare their own supplemental reports and may also have to spend time and money deposing Plaintiffs' experts based upon the new reports.

As to Plaintiffs' argument asking the Court to apply *Pennypack*, Defendants note that *Pennypack* did not address the issue of supplementation of an expert report. Rather, *Pennypack* dealt with whether a party could call at trial a witness who had not previously been disclosed.

Finally, Defendants maintain that Plaintiffs' supplemental brief confirms that Plaintiffs seek not to correct, but rather to modify the opinions of those experts following the close of discovery and the filing of *Daubert* motions. Defendants specifically point to Plaintiffs' new request to "update" the opinion of their human health expert, Dr. Atul Salhotra, based upon a change in one of the published toxicity values for nickel. Defendants noted that Dr. Salhotra previously testified that arsenic is the only metal in the River sediments at issue that he believes exceeds risk thresholds and, therefore, for him to now "update" his risk calculations for nickel would be to impermissibly change his opinion.

## II. ANALYSIS

### A. Legal Standard - Reconsideration

Reconsideration is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued

its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Johnson v. Diamond State Port Corp.*, 50 F. App'x 554, 560 (3d Cir. 2002) (quoting *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

"[A] district court has considerable discretion to decide whether reconsideration is necessary to prevent manifest injustice." *ADP, LLC V. Lynch*, No. 16-01053, 2017 WL 3022320 at *2 (D.N.J. July 17, 2017). "To establish manifest injustice, a moving party 'must show more than mere disagreement with the [Court's] earlier ruling; it must show that the [ ] Court committed a "direct, obvious, [or] observable error" and one that is of at least some importance to the larger proceedings.'" *Trustees of B.A.C. Loc. 4 Pension Fund v. Demza Masonry, LLC*, No. 18-17302, 2021 WL 3493645, at *2 (D.N.J. Aug. 9, 2021) (*quoting In re Energy Future Holdings Corp.*, 904 F.3d 298, 312 (3d Cir. 2018)).  The record presented must be "so patently unfair and tainted that the error is manifestly clear to all who view [it.]" *Casco v. Ponzios RD, Inc.*, No. 16-2084, 2021 WL 3124321, at *5 (D.N.J. July 23, 2021).

  *B. Legal Standard – Rule 26 Supplementation*

The Federal Rules of Civil Procedure require parties to supplement their discovery responses "in a timely manner" if they learn "that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing ...." Fed. R. Civ. P. 26(e). The duty to supplement discovery responses extends to information provided in expert reports "and to information given during the expert's deposition." Fed.R.Civ.P. 26(e)(2). "Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." *Id.*

6

The scope of the supplementation permitted by Rule 26(e) is limited and is proper "only for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report." *See, e.g.*, *Ezaki Glico Kabushiki Kaisa v. Lotte Int'l Am. Corp.*, No. 15-5477, 2019 WL 581544, at *3 (D.N.J. Feb. 13, 2019) (internal quotation marks omitted). Notably, the duty to supplement or correct pursuant to Rule 26(e) is "not for the benefit of the party who has the duty." *Lockhart v. Willingboro High Sch.*, No. 14-3701, 2017 WL 11465996, at *3 (D.N.J. May 3, 2017). "Indeed, Rule 26(e) does not grant a license to supplement a previously filed expert report because a party wants to, but instead imposes an obligation to supplement the report when a party discovers the information it has disclosed is incomplete or incorrect." *Id.* (internal quotation marks omitted). "Rule 26(e) does not grant experts a second bite at the apple so they can deepen or strengthen existing opinions." *Ezaki Glico Kabushiki Kaisha v. Lotte Int'l Am. Corp.*, No. 15-5477, 2019 WL 581544, at *4 (D.N.J. Feb. 13, 2019) (internal quotation marks omitted).

C.  Analysis

The Court earlier ruled that Plaintiffs could not supplement their expert reports. As with many discovery disputes that come before the Court, the issue was raised informally by way of letters from the parties, discussed during a conference call, and ruled upon. That Plaintiffs did not previously cite Rule 26(e) or raise other facts that Plaintiffs have raised in this motion (*e.g.*, that its proposed supplementation is not contingent on the sediment sampling it originally sought to perform) are not grounds for the Court to reconsider its ruling. Reconsideration is an extremely limited procedural vehicle, and Plaintiffs simply have not met the high standard required for such relief.

Nevertheless, were the Court to reconsider its earlier ruling, the outcome here does not change. The Court agrees with Defendants that Rule 26(e) does not permit the supplementation Plaintiffs seek, and that the record belies Plaintiffs' contention that they seek merely to correct disclosures that are materially incomplete or incorrect rather than bolster their experts' opinions. Indeed, while the proposed supplementation is based upon materials Plaintiffs have obtained since the expert reports were served, by Plaintiffs' own account they have known much of the information since at least 2018. ECF 554-4. Plaintiffs relied on their unsupplemented expert reports for all dispositive motions and motions in limine filed to date, including the most recent round of summary judgment motions and motions in limine, filed in 2019. It was well after the close of discovery, and only after having the benefit of the District Judge's ruling on the parties' summary judgment motions, that Plaintiffs advised they would be conducting additional sediment sampling (which they no longer seek to do) as well as supplementing their expert reports. *See* ECF 554-4 at 3 ("[P]laintiffs believe that, based on the Court's [Summary Judgment] Opinion of September 20, 2019, such supplemental data will be particularly useful for the Court in resolving this case."). As noted, expert discovery has long been completed, and Plaintiffs and Defendants have been relying upon the expert reports in this case since the completion of such discovery. The pandemic delays notwithstanding, this case is (and has been) ready for trial. A revision of Plaintiffs' expert reports will require that Defendants' experts review and respond to the new reports, and it will result in the need to reopen expert discovery.

Furthermore, Plaintiffs have already produced the information upon which their proposed supplementation is based and, therefore, appear to have satisfied whatever obligation that they might have under Rule 26(e). *See* ECF No. 554-1 at 10 ("Pursuant to their ongoing obligation to

8

supplement discovery responses, plaintiffs have regularly produced these documents to NL in a timely manner.").

As noted, the Court previously ordered that Plaintiffs were not permitted to supplement their expert reports. ECF No. 553. Having considered the parties original motion papers and supplemental briefing, the Court finds no basis to alter that ruling. Therefore, for the reasons above,

IT IS on this 18th day of October 2021

ORDERED that Plaintiffs' motion to supplement their expert reports is DENIED.

      s/ Douglas E. Arpert
DOUGLAS E. ARPERT, U.S.M.J.