**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RARITAN BAYKEEPER, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>NL INDUSTRIES, INC., *et al.*,<br><br>Defendants. | Civil Action No. 09-4117 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiffs Raritan Baykeepers, Inc., and Edison Wetlands Association, Inc.'s ("Plaintiffs") appeal from a discovery order issued by the Honorable Douglas E. Arpert, U.S.M.J. (the "Order"). (ECF No. 589.) Defendants NL Industries, Inc., and NL Management Services, Inc., ("Defendants") opposed (ECF No. 590), and Plaintiffs replied (ECF No. 591). Having carefully considered the parties' submissions, the Court decides this matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court affirms Judge Arpert's Order.

**I.   BACKGROUND**

This case is almost twelve years old. Fact discovery ended in 2014. (ECF No. 292.) Expert discovery closed in 2015. (ECF No. 324.) Summary judgment and *Daubert* motions have come and gone, with the Court last denying cross motions for summary judgment in 2019. (ECF No. 548.) By all counts, this case is trial ready.

Notwithstanding twelve years of litigation, the parties still raise discovery disputes. This one arises from a January 2020 request to supplement longstanding expert reports. Plaintiffs produced their expert reports in December 2014. They further defended those expert reports in numerous *Daubert* and summary judgment motions through 2019. (*See generally* Pls.' Summary Judgment Moving Br., ECF No. 526-2; Pls.' Summary Judgment Opp'n Br., ECF No. 532; Pls.' *Daubert* Opp'n Br., ECF No. 533; Pls.' Summary Judgment Reply Br., ECF No. 538.) After this Court denied both parties' summary judgment motions in September 2019 (*see* Mem. Order, ECF No. 548), the parties prepared for a trial set for May 2020. Then on January 8, 2020, nine days before the Final Pretrial Order deadline and thirteen before the Final Pretrial Conference, Plaintiffs informed Judge Arpert, through correspondence, that their experts were conducting additional tests that would impact their expert reports. (Order 1, ECF No. 588.) Those tests relied on new sources of data unavailable to Plaintiffs' experts at the time they filed their expert reports. Specifically, the new sources included (among others) a 2017 EPA report, 2017 and 2018 sediment data, and 2019 planning board documents. (Pls.' Moving Br. 20.) At a January 21, 2020 telephone conference, Judge Arpert heard the parties on this dispute and denied Plaintiffs' informal request to supplement their expert reports. (Order 1-2.)

Undeterred, Plaintiffs then formally moved to supplement under Federal Rule of Civil Procedure 26(e) or alternatively for Judge Arpert to reconsider his prior denial. (*Id.* at 2.) After rounds of briefing, Judge Arpert denied Plaintiffs' motion. (*Id.* at 2.) In his written Order, Judge Arpert analyzed Plaintiffs' motion as one for reconsideration and concluded that "[r]econsideration is an extremely limited procedural vehicle, and Plaintiffs simply have not met the high standard required for such relief." (*Id.* at 7; *see also id.* (further noting that Plaintiffs' informal correspondence "did not previously cite Rule 26(e) or raise other facts that Plaintiffs have raised

in this motion").) Judge Arpert also considered the merits of Plaintiffs' motion. He determined that "Rule 26(e) does not permit the supplementation Plaintiffs seek" because "the record belies Plaintiffs' contention that they seek merely to correct disclosures that are materially incomplete or incorrect rather than bolster their experts' opinions." (Order 8.) To that end, the Order offered as an example that "Plaintiffs relied on their unsupplemented expert reports for all dispositive motions and motions in limine filed to date, including the most recent round of summary judgment motions and motions in limine, filed in 2019." (*Id.*)

Plaintiffs now appeal Judge Arpert's Order.

## II. **LEGAL STANDARD**

A court may set aside a magistrate judge's resolution of a non-dispositive matter only if the order is "clearly erroneous or contrary to law." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004) (citations omitted); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). "A finding is clearly erroneous only 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Cooper Hosp. Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A decision is contrary to law where the magistrate judge "misinterpreted or misapplied [the] applicable law." *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998).

The burden of demonstrating that the magistrate judge's order is clearly erroneous or contrary to law lies with the party filing the appeal. *Marks*, 347 F. Supp. 2d at 149 (citing *Cardona v. Gen. Motors Corp.*, 942 F. Supp. 968, 971 (D.N.J. 1996)). When, "as here, the magistrate [judge] has ruled on a non[-]dispositive matter such as a discovery motion, his [or her] ruling is entitled to great deference and is reversible only for abuse of discretion." *Frank v. County of Hudson*, 924 F. Supp. 620, 623 (D.N.J. 1996) (citations omitted); *see also Marks*, 347 F. Supp. 2d at 149 (stating

3

a magistrate judge is "accorded wide discretion in addressing non-dispositive motions"). Courts find abuse of discretion "when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man [or woman] would take the view adopted by the [deciding] court." *Fagan v. Fischer*, No. 14-7013, 2018 WL 2859541, at *3 (D.N.J. June 11, 2018) (quoting *Lindy Bros. Builders, Inc. v. Am. Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 115 (3d Cir. 1976)).

### III. DISCUSSION

As Judge Arpert ruled on a non-dispositive discovery dispute, the Court reviews his Order for abuse of discretion. The Court concludes that Plaintiffs have failed to carry their burden to show that the Order was arbitrary, fanciful, or unreasonable.

#### A. Plaintiffs Have Not Shown That Judge Arpert Abused His Discretion.

Judge Arpert's Order was well-reasoned and well-supported. Under Federal Rule of Civil Procedure 26(e), a party must supplement an expert disclosure "in a timely manner" where "the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). Not every error and omission qualify for supplementation under the Federal Rules; rather, the expert reports must be incomplete or incorrect in a "material respect." *Id.* Nor do the Federal Rules countenance endless supplementation. As several courts have reasoned, common sense dictates when parties may supplement. For example, Rule 26(e) does not necessarily envision supplementing documents generated after the fact discovery deadline. *See Our Child.'s Earth v. Leland Stanford Junior Univ.*, No. 13-402, 2015 WL 12964638, at *3 (N.D. Cal. Oct. 29, 2015) ("[T]he duty to supplement under Rule 26(e) does not automatically supersede the fact discovery cutoff as to developments thereafter that relate to prior requests for discovery made before the cutoff."). That's especially so because a rule that allows limitless ongoing supplementation would not only erode the court's ability to control discovery but also "invite rolling discovery in a way that would unfairly burden

4

one party in a suit and indefinitely postpone trial." *Kuhns v. City of Allentown*, No. 08-2606, 2010 WL 4236873, at *3 (E.D. Pa. Oct. 26, 2010); *see also S. Elec. Supply Co. v. Lienguard, Inc.*, No. 05-442, 2007 WL 2156658, at *2 (S.D. Ohio July 25, 2007) ("Prolonging the litigation process with endless updates or discovery revelations is antithetical to the purpose of Rule 26 and detracts from the public policy goal of efficient litigation."). Courts also deny requests to supplement when experts seek to "add new opinions" or "deepen or strengthen existing opinions." *Ezaki Glico Kabushiki Kaisha v. Lotte Int'l Am. Corp.*, No. 15-5477, 2019 WL 581544, at *3 (D.N.J. Feb. 13, 2019) (quoting *In re Asbestos Prods. Liab. Litig.*, 289 F.R.D. 424, 425 (E.D. Pa. 2013)). Also excluded are expert supplements that seek to add "new data or evidence." *Paris v. R.P. Scherer Corp.*, No. 02-1044, 2006 WL 2177253, at *2 (D.N.J. July 31, 2006). Indeed, these limitations serve to prevent another hazard of boundless supplementation—that "a party [may] serve a deficient opening report and then remedy the deficiency through the expedience of a 'supplemental' report." *Lidle v. Cirrus Design Corp.*, No. 08-1253, 2009 WL 4907201, at *5 (S.D.N.Y. Dec. 18, 2009).

    All told, proper expert supplementation under Rule 26(e) requires timely corrections of material errors or omissions. Courts do not abuse their discretion when they deny supplementation based on documents discovered after the close of fact discovery or new opinions and evidence. Judge Arpert's Order aligns with these established rules. For one, it reasoned that Plaintiffs' past practices belied the purported materiality and timeliness of the supplementation. (Order 8.) Let's break that down. Plaintiffs claim that, after submitting their reports, their experts received new sources of data such as a December 2017 EPA report, 2017 and 2018 sediment data, and certain 2019 planning board documents. (Pls.' Moving Br. 20-21, ECF No. 589-1.) Yet, Plaintiffs did not seek to alter or supplement their expert reports at the time their experts received these new sources.

To the contrary, Plaintiffs vigorously defended their extant expert reports in the face of years of opposing *Daubert* and summary judgment motions. In fact, Plaintiffs did not bring these new sources to the Court's attention until January 2020—days before the deadline for the Final Pretrial Conference. Had Plaintiffs believed these new data sources rendered their expert reports materially misleading, Plaintiffs would have supplemented sooner and, in all events, before summary judgment resolution. That they did not furnishes strong evidence that these new sources were neither material nor timely supplemented. *See Campos-Eibeck v. C R Bard Inc.*, No. 19-2026, 2020 WL 835305, at *5 (S.D. Cal. Feb. 20, 2020) ("Subsequent studies do not render [d]efendants' analyses incorrect or incomplete as the analyses were dictated by the studies available at the time the analyses were made.").

The Order also recognized that Rule 26(e) is not a vehicle for recursive discovery. As the Order reasoned, "[a] revision of Plaintiffs' expert reports will require that Defendants' experts review and respond to the new reports, and it will result in the need to reopen expert discovery." (Order 8.) That result is precisely what the Federal Rules seek to avoid. *See* Fed. R. Civ. P. 1 ("[The Federal Rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."); *Hioutakos v. SimplexGrinnell LP*, No. 10-4505, 2014 WL 1255197, at *3 (D.N.J. Mar. 26, 2014) ("Counsel's duty under Fed. R. Civ. P. 26(e)(2) to correct materially incomplete or erroneous information should not be misused to circumvent deadlines or turn an expert report into a moving target."). To be sure, Plaintiffs confirm that their position could "indefinitely postpone trial." *Kuhns*, 2010 WL 4236873, at *3. In August 2021 briefing, for example, Plaintiffs requested supplementation based on May 2021 regulatory changes by federal and state agencies. (Pls.' Supplemental Br. 2, ECF No. 583.) This request validates Judge Arpert's concern about reopening

6

expert discovery: if every arguably relevant regulatory change and study required supplementing expert reports, the parties could drag out expert discovery indefinitely. That absurd consequence flouts the basic command of just, speedy, and inexpensive resolution of civil proceedings. *See Beller ex rel. Beller v. United States*, 221 F.R.D. 696, 701-02 (D.N.M. 2003) ("This practice [buttressing expert reports with new data] would . . . interfere with the [c]ourt's ability to set case management deadlines, because new reports and opinions would warrant a new round of consultation with one's own expert and virtually require new rounds of depositions. That process would hinder rather than facilitate settlement and the final disposition of the case.").

    **B.    Plaintiffs' Arguments to the Contrary Fail.**

Plaintiffs' counterarguments do not convince the Court that Judge Arpert abused his discretion. *First*, Plaintiffs take issue with the procedure employed by Judge Arpert in denying their motion to supplement, arguing that Judge Arpert should not have treated Plaintiffs' motion under the reconsideration standard. (Pls.' Moving Br. 16-17.) The Court disagrees. Plaintiffs informally raised the issue of expert supplementation through correspondence on January 8, 2020. (ECF No. 554-4.) Thirteen days later, Judge Arpert heard the parties on this issue and denied the informal request. (ECF No. 553.) Plaintiffs then formally moved the Court to supplement their expert reports or alternatively reconsider its earlier denial. (*See* Pls.' Mot., ECF No. 554.) After seventy-five pages of briefing on expert supplementation, Judge Arpert denied Plaintiffs' motion. Although Judge Arpert analyzed Plaintiffs' motion as one for reconsideration, he also analyzed the merits of Plaintiffs' arguments *outside the reconsideration realm*. (*See* Order 8-9.) The Court finds nothing arbitrary about Judge Arpert's procedure.

*Second*, Plaintiffs assail Judge Arpert for making two findings they consider erroneous: first, that the record belied the supplementation's materiality and timeliness, and second, that Plaintiffs have known about the supplemental sources since 2018. (Pls.' Moving Br. 17-21.) For

the reasons stated above, Judge Arpert did not err. Both findings support that Plaintiffs did not find the supplementation significant enough to render their expert reports misleading. Indeed, Plaintiffs recognize that their expert reports were never materially incomplete or incorrect. (*See* Pls.' Moving Br. 29 n.7 ("Plaintiffs did not need to supplement their expert reports in order to defeat NL's summary judgment motion, so whether they supplemented their reports before summary judgment *would have made no difference*. . . . [H]ad Plaintiffs supplemented their expert reports before moving for summary judgment, their arguments would have been identical to the summary judgment motion which relied on un-supplemented reports, and nothing would have changed the Court's disposition of the motion." (emphasis added)). Further, as stated above, in all events, courts have discretion to limit supplementing expert reports to avoid lengthy and costly delays in litigation. *See* Fed. R. Civ. P. 1; *Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002) ("To construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would [wreak] havoc [on] docket control and amount to unlimited expert opinion preparation."); *cf. Tucker v. Ohtsu Tire & Rubber Co.*, 49 F. Supp. 2d 456, 460 (D. Md. 1999) ("[A] party who delays supplementing Rule 26(a)(2)(B) expert disclosures until the filing of its pretrial submissions, absent compelling reasons for doing so, should not expect the Court automatically to permit the expert to testify at trial about the newly disclosed information, for such action would condone 'trial by ambush.'").

*Finally*, Plaintiffs charge that Judge Arpert struck Plaintiffs' supplemental expert evidence and therefore failed to analyze Plaintiffs' motion under Rule 37(c). (Pls.' Moving Br. 30-36.) The Court struggles to make sense of this argument. Judge Arpert did not strike Plaintiffs' evidence—in fact, he did not make an evidentiary ruling at all. Further, Judge Arpert noted that Plaintiffs have produced the new expert sources to Defendants, thereby mitigating sanctions for failure to

supplement under Rule 37. (Order 8-9.) To the extent the parties wish to litigate over the admissibility of evidence, the Court will consider that dispute through proper motions in limine or at trial, not through this appeal.[1]

## IV.  CONCLUSION

The Court affirms Judge Arpert's Order and denies Plaintiffs' appeal. It will issue an order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[1] For similar reasons, the Court rejects at this stage Plaintiffs' invitation to prematurely rule on the admissibility of the supplemental sources at trial. (*See* Pls.' Moving Br. 36-37.)