UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RARITAN BAYKEEPER, INC., *et al.*,

          Plaintiffs,

          v.

NL INDUSTRIES, INC., *et al.*,

          Defendants.

Civil Action No. 09-4117 (MAS) (DEA)

**MEMORANDUM ORDER**

      This matter comes before the Court on review of the parties' responses to the Court's Order to Show Cause as to whether the Court maintained subject matter jurisdiction over this matter and whether it should stay this case pending remediation from the New Jersey Department of Environmental Protection ("DEP"). Defendants NL Industries, Inc., and NL Management Services, Inc. ("Defendants") submitted correspondence on July 18, 2022, July 21, 2022, and July 25, 2022. (ECF Nos. 610, 613, 615.) Plaintiffs Raritan Baykeeper, Inc., and Edison Wetlands Association, Inc. ("Plaintiffs") also submitted correspondence on those dates. (ECF Nos. 611, 612, 614.) The Court has carefully reviewed the parties' submissions and concludes that it has subject matter jurisdiction over this matter, and that a stay is not warranted at this time.

      To start, the Court maintains subject matter jurisdiction over this matter. Defendants assert that the Court lacks jurisdiction because the DEP's remedial investigation moots Plaintiffs' claim under the Resources Conservation Recovery Act ("RCRA"). (Defs.' July 18, 2022 Corr. 5-6, ECF No. 610.) Defendants note that Plaintiffs carry the burden to show that this case is no longer moot. (*See id.* at *6 (citations omitted).) To that end, they urge that Plaintiffs cannot meet that burden because Defendants have recently cooperated with DEP and have retained a Licensed Site Remediation Professional ("LSRP") for the contamination site. (*Id.* at 6-7.)

The Court disagrees. A case is moot where "a defendant has discontinued the challenged activities, and there is no reasonable expectation that the wrong will be repeated." *Hackensack Riverkeeper, Inc. v. Del. Otsego Corp.*, No. 05-4806, 2007 WL 1147048, at *5 (D.N.J. Apr. 17, 2007) (citing *Jersey Cent. Power & Light Co. v. Lacey*, 772 F.2d 1103, 1108 (3d Cir. 1985)). Examples abound as to what meets that standard. In *Hackensack Riverkeeper*, for example, the court ruled a plaintiff's RCRA injunction moot when the defendant removed the waste, closed the polluting facility, and showed (at a two-day evidentiary hearing and through briefing) that the facility was permanently closed. *Id.* at *5-6. In another case relied on by Defendants, the court mooted a set of environmental declarations and injunctions about a polluting well after establishing that the well "ha[d] been effectively killed and cemented shut." *Ctr. for Bio. Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 426 (5th Cir. 2013). And in another case, the court ruled that the matter became moot when a state regulator executed a final consent decree with a defendant polluter, and the defendant materially complied with that decree. *Black Warrior Riverkeeper, Inc. v. Cherokee Mining, LLC*, 637 F. Supp. 2d 983, 988-89 (N.D. Ala. 2009); *see also Env't Conservation Org. v. City of Dallas*, 529 F.3d 519, 529-30 (5th Cir. 2008) (ruling that Clean Water Act injunction was moot when consent decree "addresse[d] every . . . violation" alleged in the private citizen suit).

At this juncture, the facts of this case diverge from the permanent cessation of pollution in the cases above. As Plaintiffs bluntly put it, Defendants "ha[ve] not done anything yet." (Pls.' July 18, 2022 Corr. 3, ECF No. 611.) The Court gleans that Defendants have agreed to begin investigating whether remediation of the contamination site is necessary and have hired an LSRP to aid that endeavor. That's a far cry from removing waste, permanently closing a polluting facility, cementing a troublesome well, or complying with a consent decree. Indeed, Defendants' actions

strike the Court as preliminary steps to resolving the contamination; they are not yet materially concrete to leave the Court with the firm impression that no further contamination will occur. *See Friends of the Earth, Inc. v. Laidlaw Env't Servs., Inc.*, 528 U.S. 167, 189 (2000) ("A case might become moot if subsequent events made it *absolutely clear* that the allegedly wrongful behavior could not reasonably be expected to recur." (emphasis added) (quoting *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968)). Plaintiffs have carried their burden to show that a case or controversy remains before the Court.[1]

The Court also concludes that an abstention stay is presently unnecessary. The Court agrees with Plaintiffs that the Third Circuit's prior ruling in this litigation is persuasive authority for why a stay is unnecessary.[2] There, the Third Circuit ruled that the Court could not abstain on *Burford* grounds. *Raritan Baykeeper, Inc.*, 660 F.3d at 692-95. Relevant here, the Third Circuit reasoned (among other things) that *Burford* abstention remained improper even when "a state agency has taken some action on the waste at issue." *Id.* at 694. The Court concludes that the Third Circuit's ruling remains true today: Defendants have not pinpointed any particularized administrative

---

[1] Of course, should Defendants remediate to the level of permanence necessary to moot the case (e.g., substantial compliance with a consent decree, permanently resolving contamination at the site, etc.), they should bring those actions to the Court's attention. The Court cautions, however, that Defendants' actions must leave little to no room for doubt that the contamination will recur. *See Hackensack Riverkeeper*, 2007 WL 1147048, at *6 (mooting case where "no doubt in the [c]ourt's mind" remained that "the [polluting] facilities are closed and will not be re-opened").

[2] It does not agree with Plaintiffs, however, that the Third Circuit's ruling is necessarily law of the case. *See In re Caterpiller, Inc.*, 67 F. Supp. 3d 663, 671 (D.N.J. 2014) (recognizing that "change[s] in circumstances" may warrant departure from law-of-the-case doctrine and that doctrine "must yield to rational decision-making" (citations omitted)). Indeed, the Third Circuit identified that certain facts in the appellate record could have altered its ruling. *Raritan Baykeeper, Inc. v. NL Indus., Inc.*, 660 F.3d 686, 695 (3d Cir. 2011) ("[A]bstention might be appropriate in cases with heightened state involvement as evidenced by 'a formal administrative proceeding in process that the citizens' suit would disrupt.'" (quoting *PMC, Inc. v. Sherwin-Williams Co.*, 151 F.3d 610, 619 (7th Cir. 1998))).

proceedings or rulings that trouble the delicate federal-state balance. At best, Defendants identify the rudiments of a state interest in resolving contamination. *But see id.* ("Even if we concluded that Raritan Baykeeper could obtain adequate and timely state court review, we would not find any disruption of New Jersey's efforts to establish a coherent policy on a matter of public concern."). That's simply not enough to justify an abstention stay.

Having assured itself of its jurisdiction, the Court now sets this matter for trial. A trial shall commence on **March 13, 2023**. Given the adolescent age of this case, the Court will not entertain requests for adjournments or extensions of trial absent compelling cause. The Court also places the parties on notice that it intends to empanel an advisory jury under Federal Rule of Civil Procedure 39(c). Orders pertaining to the trial and the Court's expectations will follow.

IT IS THEREFORE, on this 8th day of December 2022, **ORDERED** as follows:

1. The Court maintains subject matter jurisdiction over this matter.

2. The Court will not abstain or stay this matter absent "exceedingly rare" circumstances. *Raritan Baykeeper, Inc.*, 660 F.3d at 694 (citation omitted).

3. Trial shall commence on **March 13, 2023**, at 9:30 a.m.[3] The trial date is peremptory.

4. The Court shall empanel an advisory jury under Federal Rule of Civil Procedure 39(c).

*/s/ Michael A. Shipp*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[3] The Court has set aside nine days for trial of this matter.