UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RARITAN BAYKEEPER, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NL INDUSTRIES, INC., *et al.*, <br><br> Defendants. | Civil Action No. 09-04117 (MAS) (DEA) <br><br> **MEMORANDUM ORDER** |

This matter comes before the Court on Defendants NL Industries, Inc. and NL Environmental Management Services, Inc.'s ("Defendants") Motion for Reconsideration of Decision Denying Stay. (ECF No. 617.) Plaintiffs Raritan Baykeeper, Inc. and Edison Wetlands Association, Inc. ("Plaintiffs") opposed (ECF No. 620), and Defendants did not reply. The Court held a telephone conference regarding the matter on January 26, 2023 (ECF No. 630), and carefully reviewed the parties' submissions. For the reasons below, the Court denies Defendants' Motion.

**I.      BACKGROUND**

All parties are well-acquainted with this case, so the Court only includes the facts immediately relevant to this motion. Five weeks before their original trial date in July 2022, Defendants notified the Court that they received correspondence from the New Jersey Department of Environmental Protection ("DEP") instructing them to resume their remedial investigation of the sediments at issue in this case. (*See generally* ECF No. 601-1.) On July 5, 2022, the Court issued an Order to Show Cause ("OTSC") requiring the parties to submit correspondence regarding their positions on "the Court's jurisdiction and the propriety of a stay of the trial." (OTSC, ECF No. 607.) The parties filed the correspondence required by the OTSC. (ECF Nos. 610-615.) The Court issued a Memorandum Order on December 8, 2022 ("Memorandum Order") establishing

that it maintains subject matter jurisdiction and concluding that "an abstention stay is presently unnecessary." (Mem. Order 3, ECF No. 616.) Defendants filed the present Motion for Reconsideration on the grounds that the Court overlooked the appropriate stay analysis (based on its inherent authority) and that there is new evidence available. (Pl.'s Moving Br. 3-7, ECF No. 617.)

## II.    LEGAL STANDARD

Reconsideration under Local Civil Rule 7.1 is "an extraordinary remedy" that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002) (citations omitted). It requires the moving party to set forth the factual matters or controlling legal authorities it believes the Court overlooked when rendering its decision. *See* L. Civ. R. 7.1(i). To succeed on a motion for reconsideration, a movant must show at least one of three factors: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted [or denied] the motion [at issue]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the court rendered the original decision. *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 612-13 (D.N.J. 2001). Nor is a motion for reconsideration an opportunity to "ask the court to rethink what it ha[s] already thought through." *Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507 (alteration in original) (quoting *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990)). "Rather, the rule permits a reconsideration only when

'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Khair v. Campbell Soup Co.*, 893 F. Supp. 316, 337 (D.N.J. 1995)).

### III. DISCUSSION

Defendants present two primary arguments in support of their Motion: (1) that the Court "overlooked" the matter of whether it should issue a stay based on its inherent authority; and (2) that new facts about the sediment investigation warrant a stay. (Pl.'s Moving Br. 3-7.) The Court finds that neither argument meets the legal standard for reconsideration.

Defendants' first argument is misplaced because the primary issue addressed by the Memorandum Order is the Court's subject matter jurisdiction—not whether it should issue a stay based on its inherent authority. (*See generally* OTSC.) The Court, thus, stayed the upcoming trial "pending an order from the Court *regarding its jurisdiction* over this matter." (OTSC 3 (emphasis added).) The Court issued its OTSC seeking, specifically, briefing on the issue of mootness. (OTSC 2-3 (discussing the Court's concerns with advisory opinions and whether the DEP remediation rendered the controversy moot).) The Court, accordingly, only required the parties to file correspondence regarding the Court's subject matter jurisdiction.[1] (*See* OTSC 3 ("[T]he parties *shall* e-file correspondence regarding their positions on the Court's subject matter jurisdiction.") (emphasis added).) Because the concern was jurisdictional, the Court properly discussed only the issues of mootness and *Burford* abstention in its Memorandum Order. (Mem. Order 2-4.) The Court did not "overlook" Defendants' legal argument about the possibility of a stay based on inherent authority, and, importantly, there have been no intervening changes in the controlling law

---

[1] The parties were also *permitted* to submit correspondences regarding the propriety of a stay for the duration of the DEP-required remedial measures, but that issue was secondary to the jurisdictional concerns. (*Id.* ("[T]he parties *may* separately e-file correspondence regarding the propriety of a further stay of trial for the duration of the DEP-ordered remedial measures." (emphasis added).)

3

of mootness or *Burford* abstention since the Memorandum Order. The Motion for Reconsideration, therefore, does not meet either of the first two factors.

Defendants' second argument—that there is new evidence for the Court to consider—also does not meet the standard for reconsideration. Defendants' "new evidence" is a declaration from Thomas T. Griffin ("Griffin"), their Licensed Site Remediation Professional ("LSRP") ("LSRP Declaration"). (LSRP Decl., ECF No. 617-2.) The LSRP Declaration provides general information about LSRPs, DEP regulations and timelines, and an outline of Griffin's role and progress in this matter. (*See generally id.*) Defendants could have shared most, if not all, of the information in the LSRP Declaration prior to the Memorandum Order. The only new factual development since December 8, 2022, is the LSRP's submission of a fee form. (*Id.* at ¶ 22.) The Third Circuit is clear that new evidence "for reconsideration purposes, does not refer to evidence that a party . . . submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the [C]ourt because that evidence was not previously available." *Blystone v. Horn*, 664 F.3d 397, 415-16 (3d Cir. 2011) (citing *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 252 (3d Cir. 2010)). Here, Defendants had the opportunity to submit additional evidence regarding the LSRP's plan for the site but did not do so before the Court issued the Memorandum Order. Defendants, therefore, do not meet the standard for reconsideration.[2]

---

[2] While Defendants fail to meet the burden for reconsideration, the Court will separately consider whether a stay is appropriate in this matter, considering the traditional stay factors. A separate order will issue.

IV.  **CONCLUSION**

**IT IS THEREFORE**, on this 7th day of February 2023, **ORDERED** as follows:

1.  Defendants' Motion for Reconsideration (ECF No. 617) is **DENIED**.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**