**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RARITAN BAYKEEPER, INC., *et al*, <br><br> Plaintiffs, <br><br> v. <br><br> NL INDUSTRIES, INC., *et al*, <br><br> Defendants. | Civil Action No. 09-4117 (MAS) (DEA) <br><br> **MEMORANDUM ORDER** |

  This matter comes before the Court upon Plaintiffs Raritan Baykeeper, Inc. and Edison Wetlands Association, Inc.'s (collectively, "Plaintiffs") Motion for Reconsideration (ECF No. 650) of the Court's September 19, 2023 Scheduling Order (ECF No. 649). Defendants NL Industries, Inc. and NL Environmental Management Services, Inc. (collectively, "Defendants") opposed the Motion. (ECF No. 651.) Plaintiffs did not reply. The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons outlined below, Plaintiffs' Motion is denied.

  The Court recites only the necessary procedural background to contextualize and resolve the instant motion. On February 11, 2023, the Court *sua sponte* adjourned trial and imposed a partial stay to permit Defendants to conduct a remedial investigation consistent with New Jersey Department of Environmental Protection (the "NJDEP") dictates. (*See generally* Mem. Op., Feb. 11, 2023, ECF No. 636; Order, Feb. 11, 2023, ECF No. 637.) In imposing a partial stay, the Court ordered the parties to submit a joint proposed schedule regarding issues ripe for adjudication outside of trial. (Order 2, Feb. 11, 2023.) On March 3, 2023, the parties submitted a joint proposed

schedule that outlined several outstanding disagreements for the Court to resolve. (Proposed Schedule, ECF No. 639.) As relevant to the instant motion, one matter of contention was whether this Court should impose an accelerated remedial investigation schedule. (*See generally id.* at 3-8.)

On September 19, 2023, the Court entered an Order with a briefing schedule and regarding certain disagreements. (Scheduling Order, Sept. 19, 2023, ECF No. 649.) In addition, the Order stated that the Court "will not impose a deadline upon the NJDEP for its ongoing remedial investigation at this time." (*Id.*) This phrasing compelled Plaintiffs to move for reconsideration. (Pls.' Moving Br. 1, ECF No. 650-1.) The Court now considers Plaintiffs' instant motion.

Reconsideration under Local Civil Rule 7.1 is "an extraordinary remedy" that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002) (citations omitted); L. Civ. R. 7.1. A party moving for reconsideration must set forth the factual matters or controlling legal authorities that the Court overlooked when rendering its decision. *See* L. Civ. R. 7.1(i). A motion for reconsideration is not "an opportunity for a second bite at the apple." *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 532 (D.N.J. 1998) (citation omitted). To succeed on a motion for reconsideration, a movant must show at least one of three factors: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion [at issue]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). "A court commits clear error of law 'only if the record cannot support the findings that led to the ruling.'" *Rich v. State*, 294 F. Supp. 3d 266, 272 (D.N.J. 2018) (quoting *ABS Brokerage Servs., LLC v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16,

2010)). "Thus, a party must do more than allege that portions of a ruling were erroneous in order to obtain reconsideration of that ruling" on the basis of clear error. *ABS Brokerage Servs.*, 2010 WL 3257992, at *6.

Significantly, a motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the court when it made its original decision. *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 612-13 (D.N.J. 2001). "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507 (quoting *Resorts Int'l v. Greate Bay Hotel & Casino, Inc.*, 830 F. Supp. 826, 831 (D.N.J. 1992); *Khair v. Campbell Soup Co.*, 893 F. Supp. 316, 337 (D.N.J. 1995)).

Here, Plaintiffs move for reconsideration contending that the Court misunderstands the facts of the remedial investigation in this matter because the Court explicitly declined to impose deadlines on the NJDEP. (Pls.' Moving Br. 3.) Plaintiffs maintain that this was in error because the sole parties responsible for the remedial investigation are the licensed site remediation professional ("LSRP") and Defendants—not the NJDEP. (*Id.*)

Plaintiffs' arguments are merely semantical and inappropriate on a motion for reconsideration. To show why, some context is necessary. The NJDEP decided in 2004 that it would not force Defendants to take any remedial action "until there was a 'regional approach' to remediation in the Lower Raritan River." (Pls.' Moving Br. 3, ECF No. 653-1. (citing Pls.' Statement of Material Facts 35).) Then, on June 16, 2022, Defendants received a letter from the NJDEP stating that "conditions have changed" since 2004 and that the agency will now invoke Defendants' "affirmative obligation to remediate discharges at the site[.]" (*See* Pls.' Moving Br., Ex. 31 at 1, ECF No. 653-31.) Specifically, the NJDEP ordered Defendants to abide by site

3

remediation requirements, such as retaining a LSRP and complying with mandatory deadlines. (*See id.* at 2.) To date, Defendants remain subject to the statutory and regulatory requirements, including timeframes for remediation, set forth by the NJDEP. *See generally* N.J.A.C. 7:26(C); N.J.A.C. 7:26(E)-4.10(a)(1)(iii); (*see also* Defs.' Status Report Feb. 29, 2024 ("[T]he final Remedial Investigation Workplan is progressing and is expected to be completed in March 2024. The workplan will then be submitted to NJDEP for review and approval.") In this way, the NJDEP, through statute, guides the remedial investigation in this action.

With this context in mind, where the Court found that it "will not impose a deadline upon the [NJDEP] for its ongoing remedial investigation at this time," its intention was to inform the parties that it will not alter the preexisting, statutorily prescribed timelines governing the ongoing remedial investigation. To assuage Plaintiffs' expressed concerns in moving for reconsideration over the technical phraseology of the Court's order, the Court assures Plaintiffs that at all times it understood, and still now understands, that the LSRP overseeing the remedial investigation is ultimately responsible for carrying out the remedial investigation in accordance with NJDEP directives. *See* N.J.A.C. 7:26(E)-4.10.[1]

More pressing and dispositive here, however, is that Plaintiffs' contentions are not appropriate on a motion for reconsideration. Plaintiffs fail to establish how the Court choosing to not spell out the interrelationship between NJDEP statutory language, the role of the LSRP, and Defendants' involvement in the remedial investigation in a scheduling order was a clear error of

---

[1] This is because the regulatory timeframes apply to "the person responsible for conducting the remediation"—the LSRP. N.J.A.C. 7:26(E)-4.10(a).

4

fact that might alter the Court's previous decision.² (*See* Defs.' Opp'n Br. 2, ECF No. 651.) Plaintiffs, therefore, are at most "ask[ing] the [C]ourt to rethink what it ha[s] already thought through." *Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507 (third alteration in original) (quoting *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990)).

In its scheduling order, the Court made clear that it had no desire to interfere with NJDEP deadlines; whether the imposition of those deadlines was upon the NJDEP itself, the LSRP, or Defendants is of no consequence. As such, Plaintiffs' concerns are not appropriate for a motion for reconsideration. In the future, Plaintiffs are advised to adhere more closely to the reconsideration standard. If Plaintiffs believe a clarification of this Court's wording is necessary in future orders, they are encouraged to instead seek clarification via e-filed correspondence as opposed to filing a motion for reconsideration.

For the reasons outlined above, the Court declines to reconsider its previous Order. Accordingly,

IT IS, on this __6ᴴ__ day of May 2024, **ORDERED** as follows:

1. Plaintiffs' Motion to Reconsider (ECF No. 650) is **DENIED**.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

² Plaintiffs' motion for reconsideration to challenge a semantic factual ambiguity incapable of altering a previous disposition is not appropriate for a reconsideration motion. *Church & Dwight Co. v. Abbott Lab'ys*, 545 F. Supp. 2d 447, 450 (D.N.J. 2008) (finding that reconsideration is only appropriate where a court "overlooked a factual or legal issue that *may alter the disposition* of the matter" (emphasis added)).